545 So.2d 530 (1989)
STATE of Louisiana
v.
Carl NEWTON.
No. 89-K-0633.
Supreme Court of Louisiana.
June 16, 1989.
Writ granted in part; denied in part. La.R.S. 40:967(F) authorizes increased punishment for possession of "cocaine or related substances as provided in Schedule II(a)(4) of R.S. 40:964...." La.R.S. 40:964 Schedule II(A)(4) defines the particular substance as "[c]oca leaves, cocaine, ecognine..," together with its salts, isomers, derivatives or preparations, "which [are] chemically equivalent or identical with ... [coca leaves, cocaine or ecognine]...." Unlike federal drug provisions which predicate punishment on the total weight of the "compound, mixture or preparation which contains any quantity of ... [coca leaves, cocaine or ecognine] ...," 21 U.S.C.A. §§ 812(c), Schedule II(a)(4); 841(b)(1), La. R.S. 40:967(F) predicates punishment upon the weight in varying amounts of "grams... of cocaine or related substances ...," as defined in Schedule II of R.S. 40:964. In the absence of legislative intent to the contrary, we read R.S. 40:967(F) no more broadly than the definition of cocaine provided by R.S. 40:964, Schedule II(A)(4). The defendant's punishment therefore depends upon grams of cocaine or related substances by weight and not upon the weight of the preparation or mixture containing the cocaine or related substance. Defendant's conviction and sentence for possession of 200 grams or more, but less than 400 grams, of cocaine in violation of R.S. 40:967(F)(2) are vacated. Judgment for possession of 28 grams or more, but less than 200 grams, of cocaine in violation of R.S. 40:967(F)(1), is entered, and this case is remanded for resentencing. La.C. Cr.P. art. 821; State v. Byrd, 385 So.2d 248 (La.1980). In all other respects, the writ is denied.