WILLIAMS, Judge.
In this case we are called upon to decide whether the trial court’s reference to a prior conviction of the defendants, made within hearing of the entire jury venire at the start of voir dire, constituted a mandatory ground for mistrial under LSA-C. Cr.P. art. 770. Because we find the remark within the purview of Article 770, we hold that the trial court erred in denying defendant’s motion for a mistrial. Accordingly, we reverse defendants’ convictions and remand for a new trial.[1]
Defendants were charged by bill of information with possession of more than 200 but less than 400 grams of a controlled dangerous substance, cocaine, in violation of LSA-R.S..40:967.
The jury trial commenced on May 22, 1985. After the entire jury venire was sworn for examination, the court began questioning the collective venire. The court posed the following inquiry:
THE COURT:
Have any of you served on a petit jury in which these defendants may have been found guilty — strike that — that may have tried these defendants for this or for any other cause? ⅜
Shortly thereafter, defendants’ counsel moved for a mistrial. The court denied the motion, stating that “(t)he court made a slip of the tongue and ordered that stricken as soon as it was said....” Defendants appeal.
LSA-C.Cr.P. art. 770 provides, in pertinent part:
*233 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * ⅜ * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial, [emphasis added]
The State urges that the court’s remark was a purely interrogatory question, not an assertive question, and thus did not constitute reversible error.[2] We disagree.
In the cases cited by the State, the court found no reversible error where the prosecuting attorney asked the defendant witness whether he had previously been arrested, and the defense objected before the witness replied. State v. Hatch, 305 So.2d 497 (La.1974), U.S. cert. den. 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 63 (1975); State v. Maney, 242 La. 223, 135 So.2d 473 (1961). In the instant case; on the other hand, the court did not merely ask a witness whether-he was previously arrested, but actually referred to a prior conviction. Then, to “cure” the error, the court referred to a prior trial of the defendants.
The defendants in the instant case did not take the stand, and there is nothing in the record to show that evidence as to any prior crimes was admissible. Accordingly, we hold that the remark was improper and constituted a mandatory ground for mistrial under the clear language of Article 770. See State v. Green, 315 So.2d 763 (La.1975); State v. Collins, 283 So.2d 744 (La.1973).
For the foregoing reasons, defendants’ convictions and sentences are reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.

. Because we reverse defendants’ convictions on the basis of the prejudicial comment, we do not reach the issues raised in defendants’ remaining specifications of error.

. A purely interrogatory question probes for inadmissible evidence without presenting facts constituting the other crime, while an assertive question places before the jury details concerning the other crime. State v. Hatch, 305 So.2d 497, 503 (La.1974).