WILLIAMS, Judge.
Defendants, Manuel Martinez-Sanchez, Stanley J. Jones and Roberto Morales, were charged by bill of information[1] on *510 July 19, 1983 with possession of 200 grams or more, but less than 400 grams, of cocaine, a violation of LSA-R.S. 40:967.[2] Defendants filed a motion to suppress the cocaine and other evidence, alleging insufficiency of the affidavit supporting the search warrant. On October 17, 1984, this Court denied defendants’ writ application on the merits. State v. Cabello, No. K-1791 (La.App. 4th Cir. Oct. 17, 1984). After a jury trial, defendants were found guilty as charged. They were each sentenced to thirty years at hard labor and a $100,000.00 fine.
Defendants filed this appeal, alleging that the trial court erred 1) in denying defendants’ motion to suppress the evidence; 2) in referring to a prior conviction of the defendants within the hearing of the entire jury venire at the start of voir dire; 3) in denying particular challenges for cause; 4) in denying defendants’ motion for a mistrial following allegedly prejudicial remarks made by the State’s attorney during closing argument; 5) in its instructions to the jury that the degree of the offense is determined by the total weight of cocaine plus adulterants, not just pure cocaine; and 6) in imposing an excessive sentence.
On original hearing, this Court held that the trial court committed reversible error by referring to prior convictions of the defendants to the entire jury venire. State v. Martinez-Sanchez, 550 So.2d 232 (La. App. 4th Cir.1989). The Louisiana Supreme Court reversed and remanded the case to this Court for consideration of the remaining assignments of error. After reviewing the record and the applicable law, we hold that the trial court erred in its instructions to the jury that the amount of cocaine is determined not only by the amount of pure cocaine, but adulterants as well. Accordingly, defendants’ convictions of possession of 200 grams or more, but less than 400 grams, of cocaine are reversed. Judgment is entered for each defendant for possession of twenty-eight grams or more, but less than 200 grams, of cocaine, and the case is remanded to the trial court for resentencing. Remaining assignments of error as to defendants’ convictions are without merit.

Facts

On May 20, 1983, officers of the St. Bernard Parish Sheriff’s Department met with a “concerned citizen” who informed them about unusual traffic to and from the house at 3700 Chalona Drive in St. Bernard Parish. The “concerned citizen” stated that he had observed the unusual traffic for two weeks and that on May 18 he had seen small, wrapped packages taken out of the residence and placed into a red car with the license plate number 383X541.
The officers then began surveillance of 3700 Chalona and observed a large amount of unusual traffic entering and leaving the residence. At least two of the persons seen entering the residence had previous arrest records for possession and distribution of controlled dangerous substances. On May 25, 1983, the officers obtained a search warrant based on the information given by the “concerned citizen” and on the subsequent surveillance. The warrant was executed that night.
The officers executing the warrant went to a side door that opened into the kitchen. One of the officers knocked before entering, and Castillo pulled back the curtain which covered a window in the door. When the officers identified themselves, Castillo yelled something in Spanish, and the occupants of the kitchen scattered. The officers forced their way in and arrested everyone in the house. The officers seized two guns, cocaine, a gram scale, over $9,000.00 cash, a passport for Martinez-Sanchez and many photographs.

Motion to Suppress

Defendants first contend that the trial court erred in denying their motion to suppress the evidence, asserting insufficiency of the affidavit supporting the search warrant.
*511 In a previous writ application in this case, we fully considered the issue raised by defendants here and held that the affidavit supporting the search warrant was sufficient. State v. Cabello, No. K-1791 (La.App. 4th Cir. Oct. 17, 1984). Defendants present no additional argument on appeal. This assignment is without merit. Reference to Prior Convictions during Voir Dire
Defendants Martinez-Sanchez and Morales assert that the trial court erred in denying their motion for a mistrial after the court referred to a prior conviction of the defendants within hearing of the entire jury venire at the start of voir dire.
On original hearing, this Court held that the trial court’s remark constituted a mandatory ground for mistrial under LSA-C. Cr.P. art. 770, reversed defendants’ convictions and remanded for a new trial. The Supreme Court granted writs and reversed, holding:
Because the first prospective juror had not been called for voir dire examination at the time the trial judge made his inad-vertant remarks, the mandatory provisions of La.C.Cr.P. art. 770(2) did not require a mistrial. The remarks were otherwise not so prejudicial that they deprived the defendants of a fair trial. [Citations omitted.]
Accordingly, this assignment of error is without merit.

Challenge for Cause

Defendants Martinez-Sanchez and Morales assert that the trial court erred when it denied several of defendants’ challenges for cause during voir dire. However, because defendants did not brief this assignment of error, it is deemed abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.

Prejudicial Remarks during Closing

Defendants Martinez-Sanchez and Morales contend that the trial court erred in denying defendants’ motion for a mistrial after the prosecution allegedly made an appeal to prejudice against Cubans during closing argument in contravention of LSA-C.Cr.P. arts. 774 and 770(1). We disagree.
Defendants complain about the following statement made by the prosecutor:
So, the case boils down to what were these individuals at 11:30 at night at a kitchen table with a sifter, 248 grams of cocaine, a grinder in the kitchen, scales, $9,000.00 in money, guns, these are not the poor boat people who fled communist Cuba to escape the oppression as they were painted in their opening statements.
I would imagine things were going well for them. God bless America; the land of our opportunity. Let’s be cool in the USA. We’ll take a message to them. Let the message be that we, the jury, won’t tolerate it.
LSA-C.Cr.P. art. 774 delineates the proper scope of argument at trial. It provides that argument shall be limited to evidence, conclusions of fact and applicable law and that it shall not appeal to prejudice. Where argument exceeds the scope of article 774, LSA-C.Cr.P. arts. 770 and 771 are invoked. LSA-C.Cr.P. art. 774, comment (c).
LSA-C.Cr.P. art. 770 provides the mandatory grounds for mistrial based upon prejudicial remarks. That article reads, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevent and might create prejudice against the defendant in the mind of the jury.
Not every reference to national origin requires that a mistrial be granted under article 770. Rather, some prejudice in the” mind of the jury is contemplated by that article. See State v. Tatum, 506 So.2d 584, 589 (La.App. 4th Cir.1987).
In the instant case, the prosecution’s reference to people who fled communist Cuba was not an appeal to prejudice against the defendants because of their national origin, *512 but was an apparent response to defense counsel’s own statement in opening arguments that two of the defendants named in the bill of information were Marielitos from Cuba.[3] No prejudice under article 770 was created by the prosecution’s argument in this case. Accordingly, the trial court did not err in denying defendants’ motion for a mistrial.

Constructive Possession

Defendant Jones asserts that the jury charge on constructive possession was erroneous and constituted reversible error as to him. The trial judge, instructed the jury, in pertinent part:
The word possession means simply, the owning, or having within one’s power to have, and to hold as property, ownership, whether lawfully, or unlawfully, actual personal control and care. The right of exercising an act of dominion, unlawful possession where one is invested [sic] with some right of dominion can be defined as a possession which, in the ordinary course of human experience necessarily involved knowledge of the fact that one possessed either rightfully or unlawfully, as well as knowledgeable [sic] of the criminal consequences which one should reasonably anticipate to result therefrom.
* ⅜ * * * *
Now, possession in law may be actual or constructive. Actual, or physical possession connotes the idea of having a man or one person. Constructive possession is synonymous with the phrase having under one’s control. Dominion over the right to dispose. To have lawful title to, although the physical possession might be in another person, or at some distant place. Some chattels, or movables by their very nature, are impossible to physically possess, and can be possessed only constructively.
******
In the case at bar, the State must show to your entire satisfaction, and beyond a reasonable doubt that the property described in the Bill of Information was knowingly in the physical possession of the defendants, or that although not upon their person, it was placed where found by the defendants, or someone acting in his or her behalf, and with his or their direction, and with his or her knowledge and consent, and that same was subject to the control and disposal of the defendants.
To bring the defendants within the statute the possession must be unlawful. That is to say, it must have been possessed, knowingly, even though one might have physical [sic] or constructively possessed the property, if he had the knowledge of its possession or the character there of [sic], he could not be held accountable for his possession.
For example, one might have on or about his person, property placed there by others without his knowledge, consent, or acquiescence. Similarly, the property may have been placed in one’s car, his home, or on other premises under his control, without his knowledge. In either event, his lack of knowledge would constitute a perfect defense to his possession, and should be acquitted unless the State has proved, to your entire satisfaction, and beyond a reasonable doubt to the contrary. Therefore, in order to convict the defendants or any one of them, you must be convinced beyond a reasonable doubt not only that they possessed the property either physically or constructively, but in addition thereto, you must be convinced beyond a reasonable doubt, that they had knowledge of their possession, and character thereof, and that it was their intent to possess same in a violation of law.
Jones asserts that the trial court’s instruction led to the guilty verdict as to him. Specifically, he argues that the charge incorrectly directed that anyone who might unlawfully acquire the cocaine by theft *513 would be guilty of constructive possession and that it shifted the burden of proof to the defendant to show that he could not lawfully or unlawfully acquire the cocaine. This assignment is without merit.
Although the charge given is not a model of clarity or conciseness, it does sufficiently state the law on constructive possession as provided in State v. Cann, 319 So.2d 396, 398-99 (La. 1975), State v. Reaux, 539 So.2d 105, 108 (La.App. 4th Cir.1989), and State v. Guirlando, 491 So.2d 38, 40 (La. App. 1st Cir.1986). Accordingly, we find no reversible error in the trial court’s instruction on constructive possession. See State v. Johnson, 513 So.2d 832, 845 (La. App. 2d Cir.1987), writ den. 519 So.2d 124 (La.1988).

Weight of Cocaine

Defendants contend that the trial court erred in its instructions to the jury concerning the calculation of the amount of cocaine possessed by defendants, and thus, the grade of the offense. Defendants argue that only pure cocaine, absent any adulterants or cutting agents, should be considered under LSA-R.S. 40:967. This assignment has merit.
The following jury charge was given by the trial court:
Now, in determining the amount of cocaine, you are to include the weight of the total compound. That is the cocaine, plus the cutting agent, to arrive at its total weight.
At the time of the offense in 1983, LSA-R.S. 40:967(F)(2) provided:
Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses two hundred grams or more, but less than four hundred grams, of cocaine or related substances as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than thirty years, and to pay a fine of not less than one hundred thousand dollars.
Schedule 11(A)(4) of R.S. 40:964 consists of:
Coca leaves, cocaine, ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation of coca leaves, cocaine or ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine.
In State v. Newton, 545 So.2d 530 (La. 1989), the Louisiana Supreme Court granted in part the defendant’s application for writs to clarify the’ method of determining the amount of cocaine possessed under LSA-R.S. 40:967(F) as it then existed. The Court held that the grade of the offense under that statute “depends upon grams of cocaine or related substances by weight and not upon the weight of the preparation or mixture containing the cocaine or related substance.”[4]
Susan Alastair, the expert in forensic chemistry who examined the white powder seized in the instant case, testified for the State. Alastair tested a net total of 286.1 grams of substance. A total of 165 grams proved to be pure cocaine. Under State v. Newton, supra, defendants’ convictions and sentences for possession of 200 grams or more, but less than 400 grams, of cocaine must be vacated. Judgment for possession of twenty-eight grams or more, but less than 200 grams, of cocaine in violation of LSA-R.S. 967(F)(1) (as applicable to this case) is entered for each defendant. The case is remanded for resentencing.
Because defendants’ convictions and sentences are vacated, we do not reach the issue of whether the sentences imposed by the trial court were excessive.
*514 For the foregoing reasons, we reverse defendants’. convictions of possession of 200 grams or more, but less than 400 grams, of cocaine and vacate their sentences. Judgment is entered for each defendant for possession of twenty-eight grams or more, but less than 200 grams, of cocaine under LSA-R.S. 40:967(F)(1). We remand to the trial court for resentencing in accordance with this opinion.
REVERSED AND REMANDED.

. The bill of information also named Winfredo Cabello, Yolanda M. Reddick and Reinaldi Castillo.

. LSA-R.S. 40:967(F)(2), applicable to -this case, was amended by Acts 1989, No. 369, § 1 and redesignated as LSA-R.S. 40:967(F)(l)(b).

. In his opening argument, counsel for defendant Jones stated: "What we have is a story focusing on the two men, Renalde [sic] Castillo, and Winfredo Caballo [sic]. Two men both Marialetos [sic], both from Cuba, who came to Chalmette, and who rented a house there on Chalona Drive. Both were living there.”

. After Newton, the Louisiana legislature amended LSA-R.S. 40:967(F) to include in the computation of the amount of cocaine "a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964.” Acts 1989, No. 369, § 1. That amendment became effective September 3, 1989 and is not applicable to this case.