572 So.2d 662 (1990)
STATE of Louisiana
v.
Harry L. TEMPLE.
No. 90-KA-10.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*663 John M. Mamoulides, Kenneth Mayeaux, Dorothy A. Pendergast, Office of Dist. Atty., Gretna, for plaintiff-appellee.
Richard B. Stricks, New Orleans, for defendant-appellant.
Before BOWES, GAUDIN and GRISBAUM, JJ.
GAUDIN, Judge.
Appellant Harry L. Temple was convicted of attempted possession of cocaine over 400 grams and sentenced to 15 years at hard labor without benefit of parole, probation or suspension of sentence. Temple was also ordered to pay a fine of $125,000.00.
On appeal, Temple's most serious assignment of error is that the prosecution failed to prove the actual amount of cocaine seized from one of Temple's companions. We find merit in this contention and accordingly reduce the conviction to the lesser and included grade of attempted possession *664 of not more than 28 grams. The other assignments of error are without substance.
Attempted possession of not more than 28 grams carries a maximum jail sentence of two and one-half years. We remand to the 24th Judicial District Court for resentencing.
Temple was arrested at the Kenner airport along with Crystal Lynch and Rodney Adams. The three, according to testimony of Lynch and Adams, had flown to California to pick up narcotics. A package containing the substance was taped to Lynch's stomach and subsequently seized by police officers.
To show the amount of cocaine seized, the state called Milton Dureau, Jr., the senior forensic chemist in the Jefferson Parish Sheriff's Office crime laboratory. He said the powder in the seized package weighed 1003.3 grams and contained cocaine but he did not say exactly how many grams of cocaine were in the compressed mixture.
The state argues that rational fact-finders could conclude from Dureau's testimony that the substance contained over 400 grams of cocaine; however, this runs afoul of State v. Newton, 545 So.2d 530 (La. 1989), in which the Supreme Court of Louisiana said that a defendant's punishment depends not on total weight of the seized preparation but on the actual weight of the cocaine in the mixture.
The Louisiana Legislature, in an apparent attempt to offset Newton, passed Act 369 in 1989, amending LSA-R.S. 40:967 F, whereby a defendant's punishment now depends on the weight of a substance containing a detectable amount of cocaine. This statutory change became effective on September 3, 1989, after Temple's arrest on February 6, 1989, and after his jury trial in July, 1989.
When Temple was tried, the jury was not advised of any lesser charges. The jurors were instructed to find Temple (1) guilty of possession of over 400 grams of cocaine, (2) guilty of attempted possession of over 400 grams of cocaine or (3) not guilty.
A similar scenario occurred in State v. LeBlanc, 506 So.2d 1197 (La.1987). There, the Supreme Court stated that "... the criteria for modifying a verdict ... is not whether the jury was instructed on the lesser and included offense (since the relief for the judge's failure to give such an instruction in the face of a contemporaneous objection is a new trial), but rather whether the jury which returned a verdict of guilty of the greater offense necessarily found all of the elements of the lesser offense."
Clearly, Temple's attempted possession of not more than 28 grams of cocaine was proven to jurors who found him guilty beyond a reasonable doubt of attempted possession of more than 400 grams. A reviewing court, under these circumstances, may modify a jury verdict and enter a conviction of a lesser and included offense. See also State v. Lombard, 486 So.2d 106 (La.1986).
In other assignments of error, Temple contends (1) that the evidence was insufficient to convict him of anything, (2) that the trial judge permitted excessive use of hearsay testimony, (3) that the airport search was unconstitutional and (4) that a deputy sheriff made improper comments, in the jury's presence, about the street value of the seized narcotic substance.
The jury no doubt accepted the testimony of Lynch and Adams, which directly involved Temple in the criminal venture, and rejected the testimony of Temple's witness, his California girlfriend. The prosecution did not have to prove that Temple was in actual possession of any drugs. Constructive possession was sufficient, and the state showed this by the testimony of Lynch and Adams. Temple had not only knowledge of the illegal scheme but he also had dominion and control over the cocaine carried by Lynch.
Evaluations of credibility are within the jury's province. Viewing the evidence particularly the incriminating testimony of Lynch and Adamsin the light most favorable to the state, rational triers of fact could have found Temple guilty of attempted possession of an amount of cocaine. *665 The standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), were not offended.
The alleged hearsay statements were made during the trial by a narcotics agent who testified that the airline tickets were purchased "... with a large sum of U.S. currency ..." by subjects using fake names. Defense counsel moved for a mistrial.
LSA-C.Cr.P. art. 771 reads:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
"(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
This article leaves the decision as to whether to grant a mistrial or admonition to the sound discretion of the trial judge. A mistrial is a drastic remedy. Except in instances in which it is mandatory, it is only warranted if substantial prejudice results which would deprive defendant of a fair trial. See State v. Burdgess, 434 So.2d 1062 (La.1983), State v. Smith, 418 So.2d 515 (La.1982), State v. Tribbet, 415 So.2d 182 (La.1982), and State v. Goods, 403 So.2d 1205 (La.1981).
Here, it cannot be said that the alleged error resulted in substantial prejudice to the accused which would deprive him of his right to a fair trial. There was sufficient evidence, without considering this testimony, to convict defendant of attempted possession of cocaine. Moreover, the trial judge specifically admonished the jury to disregard what the police officer said.
The airport stops were, according to appellant, unconstitutional and not based on reasonable suspicion. In State v. Davis, 547 So.2d 1367 (La.App. 5 Cir.1989), this Court thoroughly discussed the law on airport detentions in light of recent United States Supreme Court decisions, particularly U.S. v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). To justify an investigatory stop, a police officer must be able to point to specific and articulable facts. His testimony must be evaluated in light of all circumstances.
Each case of airport detention, however, must be considered under its own particular facts.
In the instant case, police officer Gerard Simone explained why he decided to stop and question Lynch at the airport upon her return from California. Simone knew that Lynch's roundtrip ticket to Los Angeles, a known and recognized source city for narcotics, had been purchased with a large sum of money in small denominations. She had with her only a small carry-on bag, no checked luggage, and she had stayed in California only a relatively short time. Simone said that Lynch, walking alone down the airport concourse, was extremely nervous. Although Lynch and a companion had purchased the tickets jointly and had travelled together, they had separated on arriving here; yet Lynch, Simone stated, kept looking back and trying to make eye contact with Temple and Adams. Once stopped, Lynch admitted she was traveling under an alias. She said she had travelled to and from Los Angeles alone. Lynch then, according to prosecution testimony, consented to a search of her carry-on bag and also her person.
At the motion to suppress, the defendants offered no witnesses or evidence, leaving uncontested the testimony of the police officers.
*666 Considering the totality of circumstances standard discussed in Davis, we cannot say the trial judge erred in denying the motion to suppress the cocaine taken from Lynch. Lynch's testimony at trial, and Adams', established Temple's connection to the cocaine and his part in the criminal venture.
The final assignment of error is based on the testimony of Ms. Milza Quinones, a friend and part-time secretary of defense counsel. Ms. Quinones, seated in the courtroom, said that when the chemist (Dureau) was testifying about the seized cocaine, one of the courtroom deputies allegedly told another deputy that the street value of the drugs was about $700,000.00.
The trial judge, after hearing evidence, concluded that no juror heard the deputy's comments, if in fact he had made any. The deputy denied making any comment and there was no showing, other than Ms. Quinones' uncorroborated testimony, that he had.
Defense counsel had moved for a mistrial. After the motion was argued and denied, the jury returned to the courtroom. The trial judge then stated:
"I would like to say, once again, that the only evidence, the only thing of any importance, is the testimony comes from the witness stand, and such documents and or items are to be put into the record. Well, of course, the argument of counsel is not evidence, but it is all very important. Regardless of whatever you may hear or have heard while you are at lunch, or any other place. I just wanted to give you that continuing admonition. Let's proceed."
This admonition was sufficient although not as precise as defense counsel wanted. In State v. Green, 416 So.2d 539 (La.1982), a trial judge denied a motion for a mistrial based on the prosecutor's remarks. The trial judge told the jury that "... the remarks of these attorneys are not evidence, and when you consider your verdict you shall consider only the evidence." In affirming, the Supreme Court said:
"Although the trial judge's admonitions following both of the objected-to comments were not as strong as defense counsel contend they should have been, they did inform the jury that the remarks were not evidence."
For these reasons, we set aside appellant's conviction and sentence for attempted possession of over 400 grams of cocaine. The testimony and evidence support a conviction for attempted possession of not more than 28 grams of cocaine and we remand to the district court for resentencing.
CONVICTION AMENDED; REMANDED FOR RESENTENCING.