GAUDIN, Judge.
Appellant Andre Wilson pled guilty to possession of cocaine, LSA-R.S. 40:967(F), after his motion to quash because of the statute’s alleged unconstitutionality was denied. This appeal is in accord with State v. Crosby, 338 So.2d 584 (La.1976), which permits a defendant to plead guilty while reserving appellate rights.
R.S. 40:967(F) provides in pertinent part: “Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine or not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.” (Underlining provided.)
Wilson argues that the statute is not constitutional because (1) the word “detectable” does not have a generally accepted meaning, (2) the law does not further a legitimate state purpose and (3) the penalty is grossly disproportionate to the offense.
Finding no merit in these contentions and being of the opinion that R.S. 40:967(F) is constitutional, we affirm.
The statute was amended to its current form to predicate punishment on the total weight of a mixture containing a detectable amount of cocaine. Thus, State v. Newton, 545 So.2d 530 (La.1989) was legislatively overruled.[1] In Newton, the Supreme Court of Louisiana held that punishment depended not on the total weight of the substance but on the actual weight of the cocaine only.
Wilson’s first constitutional attack deals with the word “detectable.” A law is unconstitutionally vague if its meaning is not clear to an average citizen of reasonable intelligence. See State in Interest of J.A.V., 558 So.2d 214 (La.1990).
In State v. Dousay, 378 So.2d 414 (La. 1979), the Supreme Court of Louisiana stated at page 417:
“The constitutional requirement of definiteness is satisfied when the language of a criminal enactment ‘has a generally accepted meaning such that a person of ordinary intelligence would be given fair notice of what conduct is forbidden,’ State v. Defrances, 351 So.2d 133, 135 (La.1977), or when ‘the crucial words [or] phrases in the criminal statute have a fixed and definite meaning for a person of ordinary intelligence.’ State v. Cloud, 248 La. 125, 130, 176 So.2d 620, 622 (1965). When, as here, administrative regulations are accompanied by criminal sanctions, the United States Supreme Court has stated that ‘businessmen must not be left to guess the meaning of regulations.’ United States v. Mersky, 361 U.S. 431, 441, 80 S.Ct. 459, 465, 4 L.Ed.2d 423, 431 (1960).”
Here, the word “detectable,” as used in the statute, has a distinct meaning. Any reasonable person can understand that any mixture containing any amount of cocaine or its related substances is prohibited. It is also clear that any seized mixture could be chemically analyzed.
In enacting R.S. 40:967(F) and similar anti-drug laws, the legislature is attempting to combat illegal criminal activity. Such statutes constitute appropriate exercises of police power and unquestionably further a legitimate state purpose although, as appellant argues, a person caught with one gram of cocaine in a 400-gram mixture can be punished as much as *735 a person possessing 400 grams of pure cocaine.
In defining criminal activity and providing appropriate punishment, the legislature is afforded wide latitude. Criminal statutes are upheld unless the attacking party can show that there is no rational basis for the targeted law. Wilson’s challenge falls far short. The wording of R.S. 40:967(F) is not vague, the state has a strong interest in suppressing illegal drug activity and the statutory penalties are neither cruel, unusual nor excessive.
Wilson was sentenced to five years at hard labor for possession of 138 grams of cocaine. The state contends that appellant has no standing to make a constitutional attack because he cannot show that R.S. 40:967(F) is unconstitutional as applied to him. While there may be some merit to this assertion, we see no reason to address this claim. A five year sentence for 138 grams of cocaine, however, is well within a trial judge’s discretion. In fact, the sentence imposed here is illegally lenient in that no fine was imposed[2] and there was no prohibition against probation or parole.[3] The state did not, on appeal, make an issue of the sentence; therefore, we will not correct it. See State v. Mayeux, 556 So.2d 142 (La.App. 5 Cir.1990), writs denied at 564 So.2d 315 (La.1990).
AFFIRMED.

. The statute previously stated in pertinent part: "(1) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or related substances as provided in Schedule 11(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.”

. As required by R.S. 40:967(F)(l)(a).

. As required by R.S. 40:967(G)(1).