

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00153-CR

———————————————

JESSE ESPINOZA HERRERA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1726281

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Jesse Espinoza Herrera appeals the trial court's judgments convicting him of indecency with a child by contact and sexual assault of a child. *See* Tex. Penal Code §§ 21.11(a)(1), 22.011(a)(2). On appeal, Herrera argues in a single issue that he suffered egregious harm from the trial court's failure to include in the jury charge an incident-unanimity instruction directly tied to the two counts—out of the eleven alleged—of which he was convicted. Because we conclude that the charge was not erroneous, we affirm.

## I. BACKGROUND

When the victim, D.F.,[1] was three or four years old, she and her three siblings were adopted by her aunt L.F. D.F. did not have a good relationship with L.F., who would often speak to D.F. more harshly than she would the other children.

When D.F. was eleven or twelve years old, L.F. began dating Herrera. He moved into an apartment with the family, and the children came to view him as their stepfather. D.F. grew particularly close to Herrera, and the two of them would often go off to do things by themselves.

Not long after moving in, Herrera began to sexually abuse D.F. D.F. testified that the first incident—which occurred when she was still only eleven or twelve years

---

[1]To protect the victim's anonymity, we use initials to refer to her and the members of her family. *See* Tex. R. App. P. 9.10(a)(3); *see also McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

old—involved Herrera's tickling her vaginal area over her clothes. She stated that a short time later, Herrera stuck his hand down her pants to touch her vagina while they were lying in bed together.

According to D.F., things got worse when the family moved out of their apartment and into a house. She described one incident in which Herrera unsuccessfully attempted to penetrate her vagina with his penis while they were alone together in a vehicle and another in which he successfully inserted his penis inside her vagina while they were in the family's backyard swimming pool. D.F. testified that the abuse eventually progressed to the point that Herrera would regularly come into her bedroom during the night or early morning when everyone else was asleep to touch and penetrate her vagina with his penis and to fondle her breasts.[2] She also told the jury that Herrera routinely took her to a nearby park to sexually assault her.

D.F. tried to tell L.F. about the abuse, but she would not listen and just told D.F. to leave. In early 2022, when D.F. was fourteen years old, she ran away from L.F.'s house and went to live with her biological mother. She told her mother about the abuse, and her mother called the police.

---

[2]D.F.'s sister, G.F., once confronted Herrera after waking up to use the restroom in the middle of the night and seeing him enter D.F.'s room shirtless and shoeless, but he claimed that he was just looking for the family dog, who had purportedly been barking. However, G.F. testified that the dog had been sleeping on her bed—which Herrera should have known—and that it had not actually been barking.

D.F. underwent a forensic interview during which she described Herrera's sexual abuse. She told the interviewer that the last incident had occurred in December 2021.

Ultimately, Herrera was arrested and charged by indictment with one count of continuous sexual abuse of a child; five lesser-included counts of aggravated sexual assault of a child; three lesser-included counts of indecency with a child; a stand-alone count of indecency with a child by breast-touching (Count Nine); and a stand-alone count of sexual assault of a child (Count Eleven).[3] *See* Tex. Penal Code §§ 21.02(b), 21.11(a)(1), 22.011(a)(2), 22.021(a)(1)(B). He pleaded not guilty, and a jury trial was held. After hearing all the evidence, the jury found Herrera guilty on Counts Nine and Eleven and not guilty on the remaining counts. During the trial's punishment phase, the jury found the indictment's habitual-offender notice to be true and assessed Herrera's punishment at life imprisonment on both Count Nine and Count Eleven. The trial court sentenced him accordingly. This appeal followed.

---

[3]Because breast-touching does not constitute an "act of sexual abuse" for purposes of the continuous-sexual-abuse statute, Count Nine was not a lesser-included offense of the continuous-sexual-abuse count. *See* Tex. Penal Code § 21.02(c)(2); *Casillas v. State*, No. 13-23-00560-CR, 2025 WL 339172, at *2–3 (Tex. App.—Corpus Christi–Edinburg Jan. 30, 2025, no pet.) (mem. op., not designated for publication). Count Eleven was not a lesser-included offense of the continuous-sexual-abuse count because it alleged that D.F. was sexually assaulted after her fourteenth birthday—when she was younger than seventeen years of age but not younger than fourteen years of age. *Compare* Tex. Penal Code § 21.02(b)(2)(A), *with id.* § 22.011(a)(2), (c)(1).

4

## II. DISCUSSION

In his sole issue, Herrera contends that the trial court erred by failing to include in the jury charge an incident-unanimity instruction directly tied to Counts Nine and Eleven. According to Herrera, the failure to include such an instruction caused him egregious harm because it allowed him to be convicted based on a nonunanimous verdict. We disagree.

### A. Standard of Review

The trial court must instruct the jury on the law applicable to the case. Tex. Code Crim. Proc. art. 36.14. If an appellant claims that the trial court failed to do so, we review the "alleged jury-charge error . . . regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). The appellant's failure to preserve the error impacts only the degree of harm required for reversal. *See Reed v. State*, 680 S.W.3d 620, 625–26 (Tex. Crim. App. 2023).

When—as here—the appellant did not object to the charge, "we will not reverse for jury-charge error unless the record shows 'egregious harm' to the defendant." *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005) (quoting *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004); and then citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). An error causes egregious harm if it has an actual (as opposed to a theoretical) impact that "affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Reed*, 680 S.W.3d at 626; *Arrington v. State*, 451 S.W.3d 834,

5

840 (Tex. Crim. App. 2015); *Ngo*, 175 S.W.3d at 750. This is a "difficult standard and must be proved on a case-by-case basis." *Ellison v. State*, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).

To determine whether egregious harm occurred, we consider "the actual degree of harm . . . in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel[,] and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see Reed*, 680 S.W.3d at 626.

## B. Analysis

A jury's verdict of conviction must be unanimous, and the jury must be instructed to that effect. *See* Tex. Code Crim. Proc. art. 36.14; *Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). "[N]on[]unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions." *Cosio*, 353 S.W.3d at 772.

As noted, Herrera was charged with eleven offenses: continuous sexual abuse; five lesser-included counts of aggravated sexual assault of a child; three lesser-included counts of indecency with a child; and two stand-alone counts: Count Nine (indecency with a child by breast-touching) and Count Eleven (sexual assault of a child). Regarding Counts Nine and Eleven, the State presented evidence that Herrera had touched D.F.'s breasts on numerous occasions and had caused his sexual organ to contact D.F.'s sexual organ many times. Each of these incidents constituted a separate

6

potential offense and unit of prosecution. *See Francis v. State*, 36 S.W.3d 121, 122–25 (Tex. Crim. App. 2000) (op. on reh'g) (holding that jury charge was erroneous when it disjunctively submitted two incidents of touching and explaining that each incident was a separate offense). The charge authorized the jury to convict Herrera on Count Nine if it found that he had "engage[d] in sexual contact by touching the breast of D.F." and to convict him on Count Eleven if it found that he had "cause[d his] sexual organ . . . to contact the sexual organ of D.F." Because the State was not bound to the specific dates alleged in its indictment—and the jury was instructed to that effect—the charge permitted the jury to rely on any act of breast-touching or sexual-organ contact that had occurred "at any time prior to the presentment of the indictment." *See Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997); *Ramirez v. State*, No. 02-18-00131-CR, 2019 WL 238123, at *6 (Tex. App.—Fort Worth Jan. 17, 2019, pet. ref'd) (mem. op., not designated for publication). This created the risk that the individual jurors would rely on different instances of breast-touching to convict Herrera on Count Nine and different instances of sexual-organ contact to convict him on Count Eleven. *See Braggs v. State*, No. 02-23-00166-CR, 2024 WL 1451984, at *9 (Tex. App.—Fort Worth Apr. 4, 2024, pet. ref'd) (mem. op., not designated for publication); *see also Young v. State*, No. 04-18-00564-CR, 2020 WL 1695511, at *2 (Tex. App.—San Antonio Apr. 8, 2020, pet. ref'd) (mem. op., not designated for publication) (addressing similar case in which complainant testified that defendant had touched her breasts at least twenty

7

times and defendant was charged with four counts of indecency so "the jurors could have agreed that [the defendant's] conduct satisfied each of the indecency counts but disagreed as to which four of the twenty acts of indecency satisfied the respective indecency counts"). Consequently, to ensure unanimity, "[t]he judge's charge . . . need[ed] to instruct the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Cosio*, 353 S.W.3d at 772.

When confronted with a similar situation in *Braggs* involving a stand-alone count of indecency with a child by breast-touching, we held that the jury charge was erroneous because it contained only a general unanimity instruction requiring "a unanimous verdict of all members of the jury." 2024 WL 1451984, at *9. As we noted in our opinion, such a "'standard, perfunctory unanimity instruction' . . . allow[s] '[t]he jury [to] believe[] that it ha[s] to be unanimous about the offenses, [but] not the criminal conduct constituting the offenses.'" *Id.* (quoting *Cosio*, 353 S.W.3d at 774).

But in the present case, the charge contained more robust unanimity instructions. In addition to a general unanimity instruction explaining that the jury's "verdicts must be by a unanimous vote of all members," the charge instructed the jury that even though it was not required to be unanimous as to the specific acts of sexual abuse underlying the continuous-sexual abuse count in order to convict Herrera of

8

that offense,[4] it "must unanimously agree on one incident of criminal conduct" meeting all of the offense's essential elements to convict him of any of the lesser-included aggravated-sexual-assault or indecency-with-a-child counts. Although this incident-unanimity instruction referenced only the lesser-included counts, these counts involve the same category of offenses—indecency with a child and sexual assault—as Counts Nine and Eleven. Thus, while the incident-unanimity instruction was perhaps not as clear as it could have been, it nevertheless conveyed to the jury that it had to unanimously agree that the State had proven a specific incident of criminal conduct beyond a reasonable doubt before it could convict Herrera of any indecency-with-a-child or sexual-assault offense, including Counts Nine and Eleven. *See State v. Martinez-Sanchez*, 563 So.2d 509, 513 (La. Ct. App. 4th Cir. 1990) (holding that although trial court's charge on constructive possession of illegal drugs was not a model of clarity or conciseness, it sufficiently stated the law in that regard such that it did not constitute reversible error); *cf. Lockley v. Deere & Co.*, 933 F.2d 1378, 1388 (8th Cir. 1991) ("If the [jury charge's] instructions considered as a whole 'adequately and sufficiently state the generally applicable law, the fact that the instructions are

---

[4]*See Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.) (explaining that "for the offense of continuous sexual assault of a young child, a jury is 'not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed" and instead must only "agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse" (quoting Tex. Penal Code § 21.02(d))).

technically imperfect or are not a model of clarity does not render the charge erroneous.'" (quoting *Tribble v. Westinghouse Elec. Corp.*, 669 F.2d 1193, 1197 (8th Cir. 1982))).

Because the charge sufficiently instructed the jurors that they had to unanimously agree that the State had proved a specific incident of breast-touching beyond a reasonable doubt before they could convict Herrera on Count Nine and that the State had proved a specific incident of sexual-organ contact before they could convict him on Count Eleven, we overrule Herrera's sole issue.[5]

---

[5]Even if we were to assume that the incident-unanimity instruction's failure to directly reference Counts Nine and Eleven rendered the charge erroneous, the state of the evidence refutes the notion that Herrera suffered egregious harm. As in *Braggs*, the parties' evidence—and Herrera's defensive theory—presented the jury with an all-or-nothing, he-said-she-said determination. *See* 2024 WL 1451984, at *12. Herrera attacked D.F.'s credibility and denied that any sexual conduct had occurred. He did not take aim at D.F.'s allegations of breast-touching or sexual-organ contact any more than he took aim at her other allegations of abuse. *Cf. id.* ("[Appellant] did not take aim at [the victim's] allegations of breast-touching any more than he took aim at her other allegations of sexual abuse."). The jury's verdict reflects that it rejected Herrera's categorical denials, believed D.F.'s testimony, and carefully ascertained what criminal offenses had occurred based upon the evidence presented. *See id.*; *see also Wesley v. State*, No. 06-20-00098-CR, 2021 WL 5931677, at *3 (Tex. App.—Texarkana Dec. 16, 2021, no pet.) (mem. op., not designated for publication) (holding that the state of the evidence weighed against egregious harm when charge permitted nonunanimous verdict due to evidence of multiple breast-touching incidents but "the jury was faced with a 'he said, she said' situation" and had "clearly rejected" the defendant's defensive theory "by finding [him] guilty of indecency"). Accordingly, the state of the evidence shows a lack of actual—much less egregious—harm. *See Braggs*, 2024 WL 1451984, at *12.

### III. CONCLUSION

Having overruled Herrera's sole issue, we affirm the trial court's judgments.


/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 11, 2026

11