# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-659

STATE IN THE INTEREST OF

B.A.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC2011-0705
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

**********

## JIMMIE C. PETERS
## JUDGE

**********

Court composed of Jimmie C. Peters,  James T. Genovese, and Shannon J. Gremillion, Judges.

**GREMILLION, J., concurs and assigns written reasons.**


**REVERSED AND REMANDED WITH INSTRUCTIONS.**


Michael Harson, District Attorney
Michelle M. Breaux, Assistant District Attorney
Fifteenth Judicial District Court
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

Annette Fuller Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-2900
COUNSEL FOR JUVENILE/APPELLANT:
        B.A.

**PETERS, J.**

On September 23, 2011, the State of Louisiana (state) charged the juvenile in this matter, B.A., with the offenses of simple burglary, a violation of La.R.S. 14:62, and criminal damage to property valued at more than $500.00 but less than $50,000.00, a violation of La.R.S. 14:56. On November 9, 2011, the juvenile admitted to the simple burglary offense and was adjudicated a juvenile delinquent. The juvenile does not contest his adjudication on appeal. Instead, he asserts that the restitution obligation imposed on him in the dispositional phase of the juvenile proceeding is unreasonable and excessive, and that the judge erred in not setting a payment schedule for the restitution. For the following reasons, we set aside the judge's order of restitution and remand the matter to the juvenile court for the imposition of an order of restitution consistent with this opinion and to set a payment schedule for this restitution. We further remand the matter with instructions to correct certain errors patent on the face of the record as set forth herein.

## DISCUSSION OF THE RECORD

At trial on November 9, 2011, the juvenile admitted that he broke into the Lafayette Middle School (Middle School) in July of 2011, taking a number of items from the school and damaging other property on the premises. On the same day, the juvenile also admitted to a separate delinquent act involving an assault on his sister, but that matter is not before us on appeal (although we note that the sentences overlap). After accepting the admission, the judge imposed a disposition of one year in the custody of the Louisiana Department of Public Safety and Corrections pursuant to La.Ch.Code art. 897(D) in the simple burglary charge; suspended that disposition and placed B.A. on probation for one year pursuant to La.Ch.Code art. 897(E); and imposed a number of conditions on B.A.'s probation,

including restitution to the Middle School. In addressing restitution, the judge stated that restitution would be a specific condition of probation, but noted that the amount to be imposed would be "subject to a restitution hearing." The only other reference to restitution at this time appears as a $1,935.00 notation made by the juvenile judge on B.A.'s probation order.

During a March 28, 2012 hearing on the restitution issue, a different juvenile judge presided, and Monique Magee, the principal at the Middle School, was the only witness for the state. She provided the juvenile court with a list of the items reported missing by the teachers at the school as well as those which were damaged. The missing items and their values were listed as follows:

Dell laptop computer-$2369.87
Motorola walkie-talkie-CLS 1410-$178.66
Tobisha 19-inch flat-screen tv/dvd player-$235.95
Jump drives-$12.99 (10 were missing)
Jump drive case-$5.00
Remote control for a promethean board-$76.30
Treasure box trinkets for incentives-$10
Fiberglass tape-$60
Wires missing for computer-$30
Sony tape recorder-$35.00

Additionally, the damaged items and their corresponding values were listed as follows:

Dell flat-screen monitor-$270
Science equipment-$45.00
Dell laptop computer Latitude XT2-$2369.87

The total amount of loss and damage stated on the exhibit was $5,805.65. However, when added, the actual total as listed is $5,815.55. Additionally, Ms. Magee testified that other items were reported as missing or damaged by various teachers after the compilation of these lists.

On cross-examination, Ms. Magee acknowledged that most of the values listed were derived from the initial purchase invoices, which were maintained at

2

the Middle School and which she failed to bring to trial to support her testimony. Furthermore, the values listed did not take into account any depreciation that may have occurred. According to Ms. Magee, the damaged Dell laptop computer was two years old when it was taken, as was the Tobisha nineteen-inch flat screen television; the promethean board was three years old; and the flat screen monitor was four years old. Additionally, she did not separate the personal property of the teachers from that of the school in her testimony.

B.A. testified at the restitution hearing, as well. He was fifteen years old at that time, was not employed, had never been employed, had no trust accounts or funds, had no money of his own, and could not even afford to pay for his legal representation.

Upon completion of the evidence, B.A.'s counsel noted to the juvenile judge that the two other juveniles involved in the burglary had their charges resolved in another division of the court, and that they had not been ordered to pay any restitution. Even though restitution was ultimately not imputed to the other two juveniles, this fact may explain why the Middle School exhibit contained a written notation by the former juvenile court judge on B.A.'s probation order that the total damage was $1,935.22, or nearly one third of $5,805.00. Regardless, without stating any reasons for the record, the juvenile judge set restitution for B.A. at $5,805.00 and ordered that it be collected through the probation department of the juvenile court.

In this appeal, B.A. asserts two assignments of error:

1)    the trial court erred in ordering restitution of $5,805.00 as a condition of probation as it is unreasonable, excessive, based on insufficient information, far exceeds his ability to pay, and is not reasonably related to his rehabilitation; and

2)    the trial court erred in failing to set a payment schedule for the payment of the restitution.

We find merit in both assignments of error.

**OPINION**

If delinquency procedures are not provided for in the Louisiana Children's Code (Children's Code) or other specific laws, the juvenile court shall follow the procedures set forth in the Louisiana Code of Criminal Procedure (Code of Criminal Procedure). La.Ch.Code art. 104(1). With regard to a delinquent's obligation to make restitution, La.Ch.Code art. 897(B)(2)(c) provides that the juvenile judge may impose "[a] requirement that the child make reasonable restitution to any victim for any personal or property damage caused by the child in the commission of the delinquent act."

To determine what constitutes reasonable restitution, we look to the Code of Criminal Procedure as the Children's Code is silent on the matter. *State ex rel. K.J.*, 11-266 (La.App. 4 Cir. 8/17/11), 71 So.3d 557. In reviewing the applicable provisions of the Code of Criminal Procedure, we first note that restitution is not reasonable when it exceeds the actual pecuniary loss. La.Code Crim.P. art. 895.1(A)(1). Based on Ms. Magee's undisputed testimony, the evidence before us establishes that the $5,805.00 restitution exceeds the pecuniary loss to the Middle School. Ms. Magee testified that the requested restitution was based on the purchase price of the stolen and damaged items and not their actual value at the time of the offense. Thus, to be awarded the purchase price value would result in a recovery by the Middle School of an amount in excess of its pecuniary loss.

Even assuming that the actual damage to the Middle School is $5,805.00, that amount is still excessive. B.A. has no funds to fulfill this obligation and has no work skills to assist him in securing employment that would allow him to meet his obligation in the remaining probationary time. His one-year probation period began with the disposition on November 9, 2011, yet his restitution obligation was

4

not set until March 28, 2012. In the roughly seven months remaining on his probation, B.A. would have to find gainful employment that would allow him to earn approximately $830.00 per month in order to satisfy this restitution obligation, while at the same time pursuing his education.

The available jurisprudence reinforces the idea that the reasonableness of the restitution must be calculated in light of the juvenile's/defendant's ability to pay. *See, e.g., State v. Stephenson*, 32,931 (La.App. 2 Cir. 3/10/00), 755 So.2d 373, *writ denied*, 00-1239 (La. 2/9/01), 785 So.2d 28. To require an indigent to pay serves no rehabilitative purpose and is constitutionally excessive on its face. *State v. Kennedy*, 42,087 (La.App. 2 Cir. 8/29/07), 963 So.2d 1101. *See also, State v. Sartain*, 571 So.2d 192 (La.App. 4 Cir. 1990).

B.A. also argues for the first time on appeal that there is no evidence to suggest that the Middle School has not been compensated by insurance for its loss. Restitution is not allowed to compensate a victim's insurance company in a criminal case. *State v. Perez*, 07-229 (La.App. 3 Cir. 10/3/07), 966 So.2d 813. We agree that the record contains no evidence of the presence or absence of insurance and certainly that is a question that can be raised on remand.

B.A.'s second assignment of error addresses the juvenile judge's failure to establish a schedule for payment of restitution. Because La.Ch.Code art. 897 does not provide a method of payment of restitution, we must again turn to the Code of Criminal Procedure for guidance. *K.J.*, 71 So.3d 557. Louisiana Code of Criminal Procedure Article 895.1(A) provides that "[t]he restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." This court has recognized that a payment schedule should not be left to the sole discretion of the probation officer,

5

but should be set or, in the very least, approved by the lower court. *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

## ERRORS PATENT

The Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review. However, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art 920. *See State ex rel. J.C.G.*, 97-1044 (La.App 3 Cir. 2/4/98), 706 So.2d 1081. In performing an error patent review of this matter, we find that there are four such errors that we must address.

The record of this matter reflects that B.A. spent time in a secure detention facility, but nothing suggests that he was given credit for this custodial period. Louisiana Children's Code Article 898(A) provides that "[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition." Accordingly, we amend B.A.'s disposition to give him credit for time served before the imposition of his disposition and instruct the juvenile judge to note the amendment in the custody order and in the minutes of these proceedings. *See State ex rel. M.M.*, 06-607 (La.App. 3 Cir. 11/2/06), 941 So.2d 716.

Next we note that the juvenile judge failed to inform B.A. of the two-year prescriptive period for filing for filing post-conviction relief. La.Code Crim.P. art. 930.8(C). Although the Children's Code is silent on this issue, this court has previously held that notice should be given. *J.C.G.*, 706 So.2d 1081. We remand the matter to the juvenile court with instructions to the juvenile judge to inform B.A. of the provisions of La.Code Crim.P. art. 930.8 by sending the appropriate written notice to him within thirty days of the rendition of this opinion and to file written proof of the receipt by B.A. of this notice in the record.

6

We also find that B.A's probation order requires a correction. The probation order indicates that he was adjudicated delinquent for both burglary and simple criminal damage to property between $500.00 and $49,000.00. In response to an information request from this court, the juvenile court indicated that there is no motion, minute entry, order, amended petition, or other documentation concerning the adjudication and/or disposition of the charge of simple criminal damage to property. Thus, this court orders the trial court to amend the probation order by deleting the provision regarding the adjudication for the offense of simple criminal damage to property.

## DISPOSITION

For the foregoing reasons, we reverse that portion of the juvenile court's disposition in this matter which sets the restitution imposed on B.A., and remand the matter to the juvenile court for further proceedings on this issue consistent with this opinion. We amend B.A.'s disposition to give him credit for time served before the imposition of his disposition and instruct the juvenile court to note the amendment in the custody order and minute entry. We remand the matter to the juvenile court with instructions to inform B.A., in writing, of the appropriate prescriptive period for filing post-conviction relief pursuant to La.Code Crim.P. art. 930.8, and to do so within thirty days of the rendition of this opinion. We further order the juvenile court to file written proof in the record that B.A. received the notice. Finally, we remand the matter with instructions to the juvenile court to amend the probation order by deleting the provision regarding the adjudication of the offense of simple criminal damage to property.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-659

## STATE IN THE INTEREST OF B.A.

**GREMILLION, Judge, concurs and assigns written reasons.**

The majority sets aside the trial court's order of restitution and remands the matter to the trial court to award a lower amount in restitution and to proscribe a payment schedule. I agree with this result. However, because I disagree with some of the majority's reasoning, I must concur in the result.

The trial court finds the amount of restitution is too high for two reasons. First, it faults the trial court's conclusion that the appropriate amount of loss was $5,805.00. Second, it finds that there is no reason to believe that this minor could repay that much money. I disagree with the first reason; I agree with the second.

The evidence that the amount of loss was $5,805.00 came from the principal of the burglarized middle school. As the majority opinion properly points out, her testimony was undisputed. If the juvenile's attorney believed the principal's testimony lacked credibility, he could have attempted to provide evidence regarding depreciation or simply that the principal's values were too high. No such attempt was made. No such evidence is in this record.

The trial court found the evidence provided by the principal of the burglarized school to be credible and ordered restitution based on that evidence. That order is subject to an abuse of discretion standard. *State v. Shell*, 46,983 (La.App. 2 Cir. 3/7/12), 87 So.3d 934. I do not find the trial court's acceptance of the principal's testimony to be an abuse of its discretion. Accordingly, I would not have disturbed the trial court's order based on that evidence.

However, as I stated hereinabove, I do think the amount is clearly more than this juvenile can reasonably be expected to repay.  I also believe it was error for the trial court to fail to provide a payment schedule.  I, thus, concur.