STATE OF LOUISIANA      *      NO. 2023-KA-0711

VERSUS      *

     COURT OF APPEAL

YASHICA S. BICKHAM      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-269, SECTION "K"
Judge Marcus DeLarge,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

**JENKINS, J. DISSENTS AND ASSIGNS REASONS**

Jason R. Williams
District Attorney
Brad Scott
Assistant District Attorney
Chief of Appeals
Thomas Frederick
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119-5045

         COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

Arianne Bennett
ORLEANS PUBLIC DEFENDER'S OFFICE
2601 Tulane Avenue
7th Floor
New Orleans, LA 70119

         COUNSEL FOR DEFENDANT/APPELLANT

         **JUDGMENT VACATED AND REMANDED**
         **APRIL 2, 2024**

*DLD*
*DNA*

On August 22, 2022, the State of Louisiana filed a bill of information charging defendant, Yashica Bickham, as follows:  simple battery in violation of La. R.S. 14:35; simple criminal damage to property worth $1,000.00 but less than $50,000.00 in violation of La. R.S. 14:56(B)(2); and obscenity in violation of La. R.S. 14:106.  On January 5, 2023, the State entered a *nolle prosequi* on the obscenity charge.  The State also entered a *nolle prosequi* as to the stand alone misdemeanor charge of simple battery on June 21, 2023.

On June 12, 2023, defendant pled guilty as charged to simple criminal damage to property worth $1,000.00 but less than $50,000.00 and was sentenced to one year of imprisonment at the Louisiana Department of Corrections, suspended, with active probation.

On June 21, 2023, defendant appeared with counsel for a restitution hearing. Following the hearing, the trial court determined that restitution be paid to the victim "in the amount of $2,500 even."  Defendant's counsel lodged an objection and provided notice of her intent to take a writ.  On July 17, 2023, defense counsel filed a written notice to apply for supervisory writs.

In response to defendant's writ application, this Court, on July 28, 2023, ruled that the ruling from which the relator seeks supervisory review is an appealable judgment. Thereafter, defendant filed a notice of filing of motion for appeal which was granted by the trial court on September 6, 2023.

**STATEMENT OF FACTS**

At the June 21, 2023 restitution hearing, the State called the victim, Sharita Curtis, to the witness stand. The victim testified that defendant damaged the exterior of her vehicle, a 2008 Mercedes Benz C Class, in April of 2022. Defendant's insurer inspected the damaged vehicle and estimated the repair cost to be $3,701.33. The insurance report reflected that the vehicle's odometer showed the car had over 200,000 miles on it.

On cross-examination, the victim testified that she purchased the vehicle in January, 2022 at a cost of $2,000.00. The victim stated that she did not have the vehicle repaired because, at the time the vehicle was damaged, it was inoperable. She explained that the vehicle had been "smoking," so she stopped driving it. Because the vehicle was inoperable at the time defendant damaged the exterior of the vehicle, the victim did not have it insured. At the hearing, the victim stated that the vehicle remained inoperable and she had not had any repairs performed on the vehicle.

Following the victim's testimony, argument from counsel ensued. Defense counsel proffered an edition of the Kelley Blue Book which estimated that a 2008 Mercedes Benz C Class vehicle in "good condition" with an odometer reading of one hundred thousand miles had a value range of $2,586.00 to $3,259.00. Thereafter, the trial court ruled as follows: "So what the Court is going to do, the

2

Court is going to order that restitution be paid to Miss Curtis in the amount of $2,500 even."

**DISCUSSION**

On appeal, defendant raises the following assignments of error: (1) the trial court erred in ordering an arbitrary restitution amount exceeding the actual pecuniary loss suffered by the victim; and (2) the trial court erred in determining that the victim had suffered some actual pecuniary loss because the victim had not spent money to repair the damage to her property.

This Court has recognized that "[a] trial court has vast discretion in sentencing decisions, including the ordering of restitution." *State v. Portie*, 2008-1580, p. 23 (La. App. 4 Cir. 9/16/09), 22 So.3d 213, 227 (citations omitted).

**Assignment of Error Number 1**

Defendant argues that the trial court abused its discretion in ordering restitution which exceeded the actual pecuniary loss to the victim.

La. C.Cr.P. art. 895.1(A)(1) provides, in pertinent part:

> When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain.

When determining the value of an item damaged or stolen by a defendant, courts are required to take depreciation into account because the relevant inquiry is the value of the property at the time it was damaged or stolen, not its purchase price. *See e.g. State v. Williams,* 610 So.2d 129, 130 (La. 1992); *State v. Boyd,* 2008-0659, pp. 6, 14-15 (La. App. 4 Cir. 11/12/08), 999 So.2d 40, 43-44, 48.

In *State in Interest of B.A.,* 2012-659, pp. 2-3 (La. App. 3 Cir. 12/19/12), 104 So.3d 833, 834-35, a case similar to the one at hand in that it involved an appellate court's review of a lower court's restitution order, a middle school principal testified regarding the respective values of items the defendant-student had stolen or damaged. In its analysis, the Third Circuit noted that the principal's valuations "were derived from the initial purchase invoices" of the stolen/damaged property and "did not take into account any depreciation that may have occurred." *Id.*, 2012-659, pp. 2-3, 104 So.3d at 835. Further, the appellate court noted "that restitution is not reasonable when it exceeds the actual pecuniary loss. La. C.Cr.P. art 895.1(A)(1)." *Id.,* 2012-659, p. 4, 104 So.3d at 836. The Third Circuit concluded that because the evidence submitted did not reflect the value of the property at the time it was stolen or damaged, the awarded restitution amount "exceeds the pecuniary loss to the Middle School." *Id.* Specifically, the appellate court explained:

> Ms. Magee [the middle school principal] testified that the requested restitution was based on the purchase price of the stolen and damaged items and not their actual value at the time of the offense. Thus, to be awarded the purchase price value would result in a recovery by the Middle School of an amount in excess of its pecuniary loss.

*Id.*

In light of the absence of evidence regarding the value of the property at the time it was damaged or stolen (which would enable the court to set a restitution amount which did not exceed the middle school's actual pecuniary loss), along with other errors not relevant to the matter at hand, the Third Circuit remanded the matter to the lower court. *Id.,* 2021-659, p. 7, 104 So.3d at 837.

4

A review of the June 21, 2023 restitution hearing transcript in the instant case reflects that no evidence was presented to the trial court reflecting the value of the victim's vehicle at the time the exterior damage occurred. Defendant proffered evidence reflecting the present value of a 2008 Mercedes Benz C Class vehicle in good condition with one hundred thousand miles on it, but such a representation does not accurately reflect the value of the victim's 2008 Mercedes Benz C Class vehicle which had over 200,000 miles on it and was inoperable at the time the exterior was damaged by defendant. Without evidence reflecting the value of the vehicle at the time it was damaged, the determination of an accurate restitution amount, one that in accordance with La. C.Cr.P. art. 895.1(A)(1) did not exceed the victim's actual pecuniary loss, was not possible.

**Assignment of Error Number 2**

Defendant asserts the trial court erred in determining the victim had suffered an actual pecuniary loss because the victim had not spent any money to repair the exterior damage to her vehicle. The cases cited by defendant reflect no requirement that a victim must have actually paid out-of-pocket to repair the damaged property before restitution can be ordered. Instead, as set forth above, what is required, in order to determine, as required in Article 895.1(A)(1), the victim's actual pecuniary loss, is the value of the property at the time it was damaged or stolen. In this case, such evidence was not presented to the trial court and, as such, it cannot be ascertained whether the $2500.00 restitution amount set by the trial court represents the victim's actual pecuniary loss.

**CONCLUSION**

For the reasons set forth above, the trial court's restitution judgment is vacated and this matter is remanded to the trial court for a determination of the

5

victim's actual pecuniary loss based on evidence reflecting the value of her vehicle at the time the exterior damage was caused.

**JUDGMENT VACATED AND REMANDED**