610 So.2d 129 (1992)
STATE of Louisiana
v.
Johnny R. WILLIAMS.
No. 92-K-2031.
Supreme Court of Louisiana.
December 10, 1992.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Jack Pebbles, Asst. Dist. Atty., for applicant.
*130 Archie B. Creech, New Orleans, for respondent.
PER CURIAM:
The defendant was charged by bill of information with possession of stolen property valued at $500.00 or more in violation of La.Rev.Stat. 14:69. After trial by jury, he was found guilty as charged. The trial court sentenced the defendant as a multiple offender under La.Rev.Stat. 15:529.1 to six (6) years at hard labor. On appeal, the Fourth Circuit reversed the defendant's conviction, finding that the state had "presented no trustworthy evidence of any kind" to indicate that the stolen property was worth $500.00 or more. State v. Williams, 598 So.2d 1265, 1267 (La.App. 4th Cir.1992). We granted the state's application for review to consider its argument that the Fourth Circuit erred by reversing the defendant's conviction outright instead of reducing the verdict to a lesser and included offense supported by the evidence. We agree and modify the judgment rendered by the Fourth Circuit accordingly.
On the night of September 13, 1990, the Eldorado Cadillac owned by Mary Petty disappeared from the parking lot of the Esplanade Mall in New Orleans. Three days later, the police stopped the defendant after he ran a stop sign in the Cadillac and placed him under arrest for possession of stolen property. The steering column of the Cadillac had been broken and its ignition hotwired to remove it from the Esplanade Mall parking lot. At trial, Ms. Petty testified that she had purchased the vehicle in 1980 for $25,200.00 and intended to trade it in because of maintenance problems. The car was still in running condition although its paint color had faded from "Desert Rust" to a metallic silver. Ms. Petty maintained only liability insurance on the vehicle. The trial court sustained defense counsel's hearsay objection when the state asked Ms. Petty what she knew about the blue book value of the car from her dealer. The court also sustained defense objections when the state asked the witness whether her vehicle was worth over $500.00. The state did not introduce any photographs of the vehicle and the rulings left the jurors with only the original purchase price of the car and the fact of its operable status to determine its value some ten years later.
La.Rev.Stat. 14:69 proscribes the intentional possessing, receiving, or concealing of "anything of value...." The latter phrase "must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable...." La.Rev.Stat. 14:2(2). While the state's case may have asked jurors to speculate on the range of values for the Cadillac, a rational trier-of-fact could have determined that the vehicle had some value, if no more that the $20.. defendant told the police he had paid for the vehicle after his first explanation, that he had borrowed the Cadillac from his uncle, failed to account for the hotwired ignition. See State v. Valery, 532 So.2d 536 (La.App. 1st Cir.1988). The court of appeal therefore erred in failing to modify the verdict under La.Code Crim.Proc. art. 821 and to order entry of a judgment of conviction of the lesser included responsive offense of possession of stolen property valued at less than $100.00.
The portion of the judgment of the court of appeal reversing the conviction of possession of stolen property valued at $500.00 or more is affirmed, but the case is remanded to the district court for entry of a judgment of conviction of possession of stolen property valued at less than $100.00 and for resentencing.