|, BYRNES, J.,
dissenting.
I respectfully dissent based on my conclusion that the trial court erred in ruling that the Georgia conviction could not be used to enhance the defendant, George Dawson’s sentence as a second offender under La. R.S. 15:529.1.
The trial court held that the prior conviction from Georgia was in essence the equivalent of La. R.S. 14:69, possession of stolen goods, and the bill of information did not designate the value of the goods. The trial court noted that because there was no designation of value, it could only conclude that the value of the stolen car was minimal. Therefore, the trial court concluded that the Georgia conviction was not a felony and could not be used to find that Dawson was a second offender.
In Georgia Dawson was convicted of theft by receiving stolen property, a violation of Ga.Code § 16-8-7. This statute contains neither the penalty provisions nor the value of the stolen goods which determines the penalty for a violation of the statute. However, Ga.Code § 16-8-12, the general penalty provision, provides in pertinent part:
li>(a) A person convicted of a violation of Code Sections 16-8-2 through 16-8-9 shall be punished as for a misdemeanor except:
(1) If the property which was the subject of the theft exceeded $500.00 in value, by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor;
* * *
(4)(A) The provisions of paragraph (1) of this subsection notwithstanding, if the property which was the subject of the theft was a motor vehicle or was a motor vehicle part or component which exceeded $100.00 in value ..., by imprisonment for not less than one nor more than ten years or, in the discretion of the trial judge, as for a misdemeanor; provided, however, that any person who is convicted of a second or subsequent offense under this paragraph shall be punished by imprisonment for not less than one year nor more than 20 years.
In the present case the official documents presented by the State with respect to the Georgia conviction do not indicate a value of the stolen car. Under La. R.S. 14:69, the analogous Louisiana statute, if the value of the stolen goods is less than $100, the crime is a misdemeanor, and any La. R.S. 14:69 misdemeanor conviction cannot be used in a sentence enhancement proceeding under La. R.S. 15:529.1. The State maintains that the police reports from Georgia, where the stolen car was recovered, and from Louisiana, where the car was stolen, provided the value of the stolen car. However, the trial court noted that the values given in the police reports may not have been indicative of the true value of the car.
The State argues that the court could estimate the value of the car based upon its characteristics. In State in Interest of B.J., 617 So.2d 238 (La.App. 5 Cir.1993), the appellate court found the State failed to prove the value of the stolen car the defendant possessed was more than $500. However, looking at the type, condition, and age of the car, the court concluded that the car was worth more than $100, and the court amended the verdict to reflect this finding.
In the present case the trial court found that the State only proved the car had “some value,” and the State’s evidence did not prove that the value was over $100. The trial court held that the evidence was inconclusive in proving that the Georgia conviction was a felony. See State v. Williams, 610 So.2d 129 (La.1992).
In State v. Carouthers, 618 So.2d 880 (La.1993), the Louisiana Supreme Court stated that the penalty received is not determinative of the crime’s status in Louisiana. Therefore, the penalty as a misde *335 meanor in Georgia is not determinative of the crime’s status in Louisiana.
By looking at both Georgia Code § 16-8-7 and § 16-8-12(a)(4)(A), the prior conviction would have been a felony if committed in Louisiana. When tied to the penalty provisions the defendant received in Georgia, the penalty shows that the value of the stolen car had to have been at least $100. Pursuant to Ga.Code § 16 — 8— 12(a)(4)(A), the defendant could not have received a three-year sentence unless the value of the car exceeded $100. Possession of stolen property valued over $100 under La. R.S. 14:69 is punishable at hard labor, which under La. R.S. 14:2(4) makes the crime a felony. Thus, although the actual bill of information does not state a value of the stolen car, the sentence the defendant received could only have been legally imposed if the value of the stolen car he possessed was over $100, which in Louisiana is a felony offense. Therefore, the evidence is sufficient to show that the Georgia conviction would be a felony for purposes of the multiple bill proceeding for enhancement of Dawson’s sentence under La. R.S. 15.529.1.
Accordingly, I would reverse the ruling of the trial court, and remand the case for further proceedings.