MARC E. JOHNSON, Judge.
^Defendant appeals his convictions and sentences for theft and possession of stolen property on the basis of the sufficiency of the evidence. For the reasons that follow, we affirm his conviction and enhanced sentence for possession of stolen property and vacate his conviction and sentence for theft.
Defendant, John Warrick, was charged in a bill of information on September 2, 2014 with one count of theft greater than $1,500 in violation of La. R.S. 14:67 (count one), and one count of possession of stolen property valued greater than $1,500 in violation of La. R.S. 14:69 (count two). He pled not guilty and proceeded to trial on March 24, 2015, at which time he represented himself. A six-person jury found Defendant guilty of theft between $750 and $5,000 on count Rone,[1] and guilty as charged on count two. The trial court subsequently sentenced Defendant to three years at hard labor on each count, to run concurrently.
Thereafter, on June 5, 2015, the State filed a multiple offender bill of information alleging Defendant to be a second felony offender based on the underlying count two and a prior 2014 conviction for simple burglary. The State later amended the multiple bill to allege the predicate conviction was actually for attempted unauthorized entry of a place of business. Defendant stipulated to the multiple bill, and the trial court imposed an enhanced sentence of five years at hard labor without benefit of probation or suspension of sentence, after vacating his original three-year sentence on count two.

FACTS

On July 9, 2014, Detective Joseph Anderson with the Lafourche Parish Sheriff s Office responded to a burglary call in Raceland, Louisiana. He met with the owner of the building who indicated that several items had been taken from his business, including a welding machine and its custom trailer, a paint sprayer, and a hand-held blower. The owner provided Detective Anderson with the serial numbers of each item. During his investigation, Detective Anderson searched for the missing items through an on-line pawn shop database and located the welding machine at the Quick Pawn Shop on the Westbank Expressway in Harvey, Louisiana. The pawn shop ticket indicated that Defendant had pawned three items, a welding machine, a paint sprayer,, and a hand-held blower, on July 9, 2014.
Detective Anderson contacted the Jefferson Parish Sheriffs Office (JPSO) regarding the Lafourche Parish burglary and the missing items that were located in Jefferson Parish, and subsequently met Detective Nathan Penton with the JPSO at the Quick Pawn Shop. The items at the Quick Pawn Shop matched the serial Lnumbers of the items taken from the Raceland business; accordingly, the three items were seized. A manager at the Quick Pawn Shop testified that the pawn shop paid Defendant $1,500 for the three items.
During the initial burglary investigation, a cement mixer that had been moved during the burglary was dusted for fingerprints and two palm prints, a partial palm print, and a partial thumbprint were found. Once Detective Anderson identified Defendant as the person who pawned the missing items, a fingerprint technician from Lafourche Parish ran the prints taken from cement mixer through the automated fingerprint identification system (AFIS) and obtained a positive match to *1265 Defendant’s prints. Additionally, at trial, a latent print examination and identification expert compared the prints taken from the cement mixer to Defendant’s prints which were taken the day of trial, and found the two prints came from the same individual. •
According to Detective Anderson, Defendant gave a statement at the time of his arrest stating that he reported to work at Labor Ready in Gretna on the day in question and.was sent to the Eastbank location where he was approached by two white men trying to sell him the items which he later pawned. Defendant explained that he told the men that he did not want to buy the items but knew where they could be sold. The men followed Defendant back to the Westbank and, at some point, removed the welding machine and trailer from their vehicle and hooked it to Defendant’s vehicle. According to Defendant, he then went to the Quick Pawn Shop, sold the items, and gave the men the $1,500 he received for selling the items. In return, the men gave him $200.

ISSUES

On appeal, Defendant raises two assignments of errors: (1) insufficient evidence to support his convictions; and (2) the trial court failed to rule on his Rmotion to vacate convictions prior to sentencing thereby requiring his sentences be vacated and the matter remanded for consideration of his motion.

DISCUSSION

Errors Patent

We first note an error in the verdict on count one that requires Defendant’s theft conviction and sentence to be vacated. The verdict is a part of the pleadings and proceedings and, thus, any error in the verdict is renewable as an error patent under La. C.Cr.P. art. 920. State v. Vincent, 387 So.2d 1097, 1099 (La. 1980); State v. Froiland, 05-138 (La.App. 5 Cir. 7/26/05); 910 So.2d 956, 968.
Count one of the bill of information charged Defendant with theft of currency valued greater than $1,500 under La. R.S. 14:67. At the time of the commission of the offense in July 2014, La. R.S. 14:67 provided for three grades of theft and corresponding penalties based on the value of the thing taken: (1) $1,500 or more, (2) $500 or more but less than $1,500, and (3) less than $500. La. R.S. 14:67 was subsequently amended in 2014 by La. Acts No. 255, ' § 1, effective August 1, 2014, to change the grades of theft and corresponding penalties to four categories: (1) $25,000 or more, (2) $5,000 or more but less than $25,000, (3) $750 or more but less than $5,000, and (4) less than $750. It is well-establishecl that the law in effect at the time of the commission of the offense is determinative of the penalty applicable to a convicted defendant and the defendant must be sentenced according to the sentencing provisions in effect at the time of the commission of the offense. State v. Sugasti, 01-3407 (La.6/21/02); 820 So.2d 518, 520.
The record shows that the trial court improperly instructed the jury on the theft charge. In particular, the trial court instructed the jury as to the version of La. R.S. 14:67 in effect at the time of trial as opposed to the version of the statute in I ^effect at the time of the commission of the offense. Specifically, the trial court instructed the jury as follows:
I will now instruct you on the law with respect to each count. Count 1, Louisiana Revised Statute 14:67, theft of property having the value of $750 or more but less than $5,000. The defendant is charged with theft of United States cur *1266 rency of a value of $750 or more but less than $5,000. . ⅜ ⅜5
The responsive verdicts for the charge of theft of property having a value of $760 or' ihore but less than $5,000 are guilty of theft of property having a value of $750 or more but less than $5,000. Guilty of theft of property of having the value of less than $750. Guilty of attempted theft of property having the value of $750 or more but less than $5,000. Guilty of attempted theft of property having a value less than $750. Guilty of unauthorized use of moveables having a value in excess of $500. Guilty of unauthorized use of moveables having a value of $500 or less and not guilty.[2]
There was no objection to the charges and the jury, following the trial court’s instructions, returned a verdict on count one of “guilty of theft of property having a value of $75b or more but less than $5,000.” We find this verdict, which was based on erroneous jury charges and an improper verdict sheet, to be nonresponsive to the offense charged in count one of the bill of information.
Value is an essential element of the offense of theft as La. R.S. 14:67 establishes the severity of the penalty according to the value of the property taken or misappropriated. State v. Wilson, 12-1765 (La.App. 4 Cir. 2/12/14); 138 So.3d 661, 680. In this case, we do not find that the verdict clearly- conveys ah intention of the jury to find Defendant guilty as charged (theft of property having a value greater than $1,500) or guilty of a lesser and included .grade of the offense (theft of property having a value of $500 or more but less than $1,500). If .the jury found ^Defendant guilty as charged, his, sentence as provided in La. R.S. 14:67 at the time of the offense would have been imprisonment for not more than 10 years and/or a fine of not more than $3,000. If the jury found Defendant guilty of the lesser and included grade of the offense, his sentence under La. R.S. 14:67(B)(2) would have been imprisonment for not more than five years and/or a fine of not more than $2,000. The jury’s verdict of theft of property having a value of $750 or more but less than $5,000 falls within two of the three grades of theft set forth in La. R.S. 14:67 at the time of the. commission of the offense. Thus, the trial court could- not have known which sentencing range applied.
•Accordingly, we-find it necessary to vacate Defendant’s conviction and sentence on count one (theft). See State v. Vincent, supra (where the supreme court reversed the jury’s verdict of guilty of possession of stolen property where the charge was receiving. stolen property after finding the verdict was, nonresponsive and did not clearly convey the jury’s intent to find the defendant guilty as charged or guilty of a lesser and included grade of.the offense), and State v. Thibodeaux, 380 So.2d 59 (La.1980).(where the supreme court found reversible error in a non-responsive jury verdict where the trial court improperly *1267 charged the jury and the list of responsive verdicts given to the jury was wrong).
Additionally, we note that the State of Louisiana Uniform Commitment Order prepared after the multiple offender proceedings incorrectly reflects the date of adjudication as September 2, 2015, when the record clearly shows'Defendant was adjudicated on the underlying offense on March 24, 2015 and as a multiple offender on August 27, 2015. As such, we remand the matter for correction of the adjudication date in the uniform commitment order and direct the Clerk of Court to transmit the original of the corrected uniform commitment order to the officer in charge of the institution to which Defendant has been sentenced and the | ^Department of Corrections’ Legal Department. See State v. Long, 12-184 (La.App. 5 Cir. 12/11/12); 106 So.3d 1136, 1142.

Sufficiency of Evidence

In his first assignment of error, Defendant argues the evidénce was insufficient on both counts to convict him because it was circumstantial and the State failed to exclude every reasonable hypothesis of innocence — namely that he was approached by two men who asked him to sell the items. Defendant claims he has never been to Raceland and discounts the matching hand-print found at the scene of the burglary on the basis the print was never authenticated by federal authorities.
Because we must vacate Defendant’s conviction and sentence on count one, the sufficiency of the evidence as to count one is moot; thus, we only consider the sufficiency of the evidence as to count two (possession of stolen things having a value of $1,500 or more).
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-674 (La.6/29/01); 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Ohlsson, 12-708 (La.App. 5 Cir. 4/24/13); 115 So.3d 54, 60, writ denied, 13-1583 (La.1/17/14); 130 So.3d 343; Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Rather, the reviewing court is required to consider the whole record and determine whether |flany rational trier of fact would have found guilt beyond a reasonable doubt. Ohlsson, supra.
Evidence may be either direct or circumstantial. State v. Alexander, 12-836 (La.App. 5 Cir. 5/23/13); 119 So.3d 698, 702, writ denied, 13-1981 (La.3/21/14); 135 So.3d 614. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common experience. Id,. When circumstantial evidence is used to prove the commission .of an offense, La. R.S. 15:438.provides that “assuming every fact to be proved that the evidence tends to prove, in order to. convict, it must exclude every reasonable hypothesis of innocence.” The reviewing court does not determine whether another possible hypothesis suggested by a defendant could afford an exculpatory explanation of the events, but rather must evaluate the evidence in a light most favorable to the prosecution and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State *1268 v. Huntley, 10-406 (La.App. 6 Cir. 1/26/11); 60 So.3d 644, 648.
Defendant was convicted of illegal possession of stolen things having a value of $1,500 or more in violation of La. R.S. 14:69. In order to convict a defendant of possession of stolen things valued at $1,500 or more, the State must prove beyond a reasonable doubt that the defendant: (1) intentionally possessed, procm-ed, received, or concealed, (2) anything of value, (3) that was the subject of any robbery or theft, (4) where circumstances indicate that the. defendant knew or had good reason to believe that the thing was the subject of one of these offenses, and that (5) the, value of the stolen item was $1,500 or more. La. R.S. 14:69; State v. Ohlsson, 115 So.3d at 63.
| ipThe evidence shows that the welding machine, trailer and hand-held blower sold to the pawn shop by Defendant were stolen from a business in Lafourche Parish. The pawn shop paid Defendant $1,500 for these items, but valued them between $2,000-$2,500, The. evidence further shows that Defendant’s palm print was found at the business on a cement mixer that was in front of the welding machine and had been moved.
Although Defendant challenges the authenticity of the palm print found on the cement mixer on the basis it was not authenticated by federal authorities, he cites no law to support his position that such federal ■ authentication is required. The record shows that the State presented testimony of a latent print examination and identification expert who testified that Defendant’s palm print matched the palm print provided by Detective Anderson from the Lafourche Sheriffs Office, who testified that the palm print was taken from the cement mixer at the business where the burglary occurred. The expert further testified that a second fingerprint examiner verified the matching prints.
We find this evidence was sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of possession of stolen things valued at $1,500 or more beyond a reasonable doubt. We find no merit to Defendant’s argument that, the State failed to exclude his reasonable hypothesis of innocent activity. Defendant’s alternative theory of how he obtained the goods does nothing to negate the fact he possessed stolen things in violation of La. R.S. 14:69. Insofar as Defendant seems to suggest that he did not know the things were stolen because he obtained them from two men, we do not find this reasonable in light of the direct evidence of his palm print at the scene of the burglary. Accordingly, we find no merit in Defendant’s 11¶ arguments and find the evidence was sufficient to support Defendant’s conviction for illegal possession of stolen things valued at $1,500 or more.

Failure to Rule on Motion to Vacate Verdict

In his second assignment of error, Defendant argues the trial court failed to rule on his motion to vacate the verdict and his convictions. Defendant contends his motion should have been treated as a motion for post-verdict judgment of acquittal and should have disposed of prior to sentencing. He requests that his sentences be vacated and the matter remanded to the trial court for. a hearing and ruling.
Contrary to Defendant’s claim, the record clearly shows, by an April 30, 2015 hearing transcript and a minute entry of the same date, that the trial court held a hearing on Defendant’s motion and denied the motion. Therefore, there is no merit to this assignment of error.

*1269
DECREE

Based on the foregoing, Defendant’s conviction and sentence on count one, theft, are vacated. His conviction and enhanced sentence on count two, possession of stolen goods valued at $1,500 or more, are affirmed. This matter is remanded to the trial court for correction of the Uniform Commitment Order.

CONVICTION AND SENTENCE ON COUNT ONE VACATED; CONVICTION AND ENHANCED SENTENCE ON COUNT TWO AFFIRMED: REMANDED FOR CORRECTION OF UNIFORM COMMITMENT ORDER

. See error patent discussion infra.

. These responsive verdicts reflect the responsive verdicts provided in La.C.Cr.P. art, 814(A)(26) as of the time of trial, and not as of the time of the commission of the offense. However, we note that at the time of the offense, Article 814(A)(26) had not been amended by the Legislature to properly reflect the grades of theft under La. R.S. 14:67 , as amended in 2010 and in effect at the time Defendant committed the offense, See State v. Shepherd, 02-1006 (La.App. 3 Cir. 3/5/03); 839 So.2d 1103, 1110 ("In 1999, the legislature increased the amount of the theft from one hundred dollars to three hundred dollars to reach the felony grade in La. R.S, 14:67, but did not made the corresponding change to Article 814(A)(26), Accordingly, it appears the legislature simply failed to amend Article 814 when it amended La. R.S. 14:67.”).