STATE OF LOUISIANA

VERSUS

AUTHUR JOHNSON

NO. 23-KA-273

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-5177, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


February 28, 2024


**SCOTT U. SCHLEGEL**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, Marc E. Johnson, Stephen J. Windhorst, John J. Molaison, Jr., Scott U.
Schlegel, and Timothy S. Marcel


**SENTENCE ON COUNT ONE VACATED; CONVICTION AND
SENTENCE ON COUNT TWO VACATED; JUDGMENT OF
CONVICTION OF ILLEGAL POSSESSION OF A STOLEN THING
VALUED AT LESS THAN $1,000 ENTERED AS TO COUNT TWO;
REMANDED FOR RESENTENCING ON COUNT ONE AND
SENTENCING ON COUNT TWO**

> **SUS**
> **FHW**
> **JGG**
> **MEJ**
> **SJW**
> **JJM**
> **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
  Honorable Paul D. Connick, Jr.
  Thomas J. Butler
  Darren A. Allemand
  Gabrielle Hosli
  Taylor Somerville

COUNSEL FOR DEFENDANT/APPELLANT,
AUTHUR JOHNSON
  James A. Williams
  Kathrine E. Ellis

**SCHLEGEL, J.**

Defendant, Authur Johnson, appeals his conviction for illegal possession of a stolen thing valued at $25,000 or more (count two), as well as the sentence imposed for his conviction for aggravated flight from an officer (count one). The State concedes that it did not prove the value of the stolen vehicle was $25,000 or more with respect to count two. However, we agree with the State that the evidence is sufficient to prove a lesser and included responsive verdict. Therefore, we vacate defendant's conviction and sentence as to count two, modify the verdict by rendering a judgment of conviction for illegal possession of a stolen thing valued at less than $1,000, and remand to the trial court for sentencing. We also vacate defendant's sentence on his conviction for aggravated flight from an officer (count one) because his sentence exceeded the maximum sentence authorized by law and remand for resentencing in accordance with La. R.S. 14:108.1(E)(1).

## PROCEDURAL BACKGROUND

On November 14, 2022, the Jefferson Parish District Attorney filed a bill of information charging defendant, Authur Johnson, with aggravated flight from an officer in violation of La. R.S. 14:108.1(C), and obstruction of justice in violation of La. R.S. 14:130.1. Defendant pled not guilty at his arraignment on December 19, 2022. On March 1, 2023, the Jefferson Parish District Attorney filed a superseding bill of information charging defendant with aggravated flight from an officer (count one) and obstruction of justice (count three), as well as an additional charge for illegal possession of a stolen thing valued at $25,000 or more in violation of La. R.S. 14:69(B)(1) (count two). On March 2, 2023, defendant pled not guilty to the new count two.

On that same day, a twelve-person jury trial commenced and unanimously found defendant guilty as charged on all three counts. On March 27, 2023, the trial court sentenced defendant to concurrent sentences of ten years imprisonment at

hard labor on counts one and two and five years imprisonment at hard labor on count three. Following sentencing, defendant filed a motion for appeal, which the trial court granted on March 29, 2023.

**FACTS**

Deputy Devin Wirtz with the Jefferson Parish Sheriff's Office (JPSO) testified that on October 18, 2022, he was in a fully marked unit, observing traffic at 3300 Metairie Road. Around 3:50 p.m., he noticed a black Honda Civic without a license plate and decided to conduct a traffic stop. He pulled out onto Airline Highway and activated his emergency lights, which initiated the camera in his unit. The Honda Civic signaled and turned onto Severn and Metairie Road, but then rapidly accelerated. Deputy Wirtz advised headquarters that he was pursuing the vehicle and provided his location. At trial, Deputy Wirtz narrated the camera footage of the pursuit to the jury and pointed out instances where the Honda Civic ignored red lights and stop signs, as well as the portions of the footage where he was pursing the vehicle at speeds of over 80 miles per hour in a residential area.

JPSO Deputy Nicholas Songy joined the pursuit as the Honda Civic headed north on North Causeway Boulevard and turned right onto West Napoleon Avenue. He explained that he assumed the lead position behind the Honda Civic. The pursuit continued through a residential area until the vehicle eventually sped back onto Metairie Road. Deputy Songy testified that he never lost sight of the vehicle. Eventually, the pursuit stopped at a dead end on Estes Street and the two occupants ran from the vehicle. Deputy Songy and Deputy Wirtz pursued them on foot with the assistance of other deputies.

Deputy Wirtz testified that he observed one of the occupants with an AR-15 and a Glock firearm, so he had his gun drawn while the pursuit continued on foot. Deputy Wirtz found the passenger, later identified as Tyren Feilder, lying on the ground next to an assault rifle and a Glock firearm. Deputy Labadie, who was

assisting with the pursuit, had previously apprehended Mr. Feilder by deploying his Taser. Deputy Wirtz then continued to search the area for the driver of the vehicle.

Deputy Steven Perez, also with the JPSO, testified that on October 18, 2022, he received a request for assistance regarding a vehicle pursuit. After he arrived at the scene, people at a nearby restaurant alerted him to a suspect, later identified as defendant, who had run behind the building. Deputy Perez entered the alley and noticed defendant hiding between two air conditioner units. Deputy Perez ordered defendant to show his hands, and Detective Scott Williams with the Orleans Parish Sheriff's Office handcuffed defendant. A firearm was located approximately twenty feet from where defendant was located. Deputy Perez identified defendant in court and also identified a black glove with the brand "Bodyguard" that was on defendant's left hand at the time of his arrest.

After Deputy Wirtz returned to the Honda Civic, he explained that officers located the vehicle identification number (VIN) and a search revealed that the vehicle had been reported stolen in New Orleans. Officers also searched the vehicle and located a right-handed black glove branded "Bodyguard" on the driver-side floorboard, as well as a backpack behind the driver's seat. The backpack contained 32 pills, four foiled packets, $232, "sets of gloves," a driver's license, and a debit card in Mr. Feilder's name. Deputy Wirtz then transported Mr. Feilder and defendant to the Gretna Correctional Center. The prisoner transport camera recorded a conversation between Mr. Feilder and defendant. In the video, they discussed firearms and fleeing from police in the stolen vehicle. Deputy Wirtz also explained that he listened to a recording of a phone call defendant made while in jail during which defendant admitted to riding in a stolen vehicle.

Theresa Reed testified that she owned the Honda Civic at issue and had reported it stolen to the New Orleans Police Department. Ms. Reed testified that

she did not know anyone by the name of "Arthur Johnson," and she did not recognize defendant. She testified that she did not give her keys to defendant, and she did not give him permission to drive her vehicle.

**DISCUSSION**

In his first assignment of error, defendant asks this Court to vacate his conviction on count two for illegal possession of a stolen thing valued at $25,000 or more (count two) and enter a verdict of not guilty due to insufficiency of the evidence. Defendant argues that the value of the stolen property is an essential element of the charge and that the State failed to offer any evidence to prove the value of the vehicle at issue. In response, the State concedes that it did not prove the value of the Honda Civic. Notwithstanding, the State contends that the correct remedy is not an acquittal, but rather a conviction for a misdemeanor, illegal possession of a stolen thing less than $1,000, because the vehicle has some value. The State further contends that this Court should abrogate its decision in *State v. Norman*, 20-142 (La. App. 5 Cir. 12/30/20), 310 So.3d 287, *writ denied*, 21-150 (La. 4/7/21), 313 So.3d 983, where this Court entered an acquittal in a similar matter involving the sufficiency of evidence presented regarding the value of a stolen vehicle, because it is inconsistent with binding jurisprudence from the Louisiana Supreme Court.

In reviewing the sufficiency of the evidence, an appellate court must determine if the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Mickel*, 09-953 (La. App. 5 Cir. 5/11/10), 41 So.3d 532, 534, *writ denied*, 10-1357 (La. 1/7/11), 52 So.3d 885. A review of the record for sufficiency of the evidence does not require the court to ask whether it believes

that the evidence at the trial established guilt beyond a reasonable doubt. *State v. Jones*, 08-20 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found the State proved the essential elements of the crime beyond a reasonable doubt. *State v. Gatson*, 21-156, 21-157 (La. App. 5 Cir. 12/29/21), 334 So.3d 1021, 1034; *Jones*, *supra*. The requirement that the evidence be viewed in the light most favorable to the prosecution requires the reviewing court to defer to "the actual trier of fact's rational credibility calls, evidence weighing and inference drawing." *State v. Caffrey*, 08-717 (La. App. 5 Cir. 5/12/09), 15 So.3d 198, 202, *writ denied*, 09-1305 (La. 2/5/10), 27 So.3d 297.

Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact can be inferred according to reason and common experience. *Gatson*, *supra*. When circumstantial evidence is used to prove the commission of an offense, La. R.S. 15:438 provides, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." This is not a separate test from the *Jackson* standard, but rather provides a helpful basis for determining the existence of reasonable doubt. *State v. Wooten*, 99-181 (La. App. 5 Cir. 6/1/99), 738 So.2d 672, 675, *writ denied*, 99-2057 (La. 1/14/00), 753 So.2d 208.

Defendant was convicted of illegal possession of a stolen thing valued at $25,000 or more. La. R.S. 14:69 provides in pertinent part:

A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of *anything of value* which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.

B.(1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is twenty-five thousand dollars or more, shall be imprisoned at hard labor for not more

than twenty years, or may be fined not more than fifty thousand dollars, or both.

*＊*

(4) When the value of the stolen things is less than one thousand dollars, the offender shall be imprisoned for not more than six months or may be fined not more than one thousand dollars, or both. [Emphasis added.]

La. R.S. 14:2(A)(2) broadly defines "anything of value" as follows:

"Anything of value" must be given the broadest possible construction, including *any conceivable thing of the slightest value*, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term "property." [Emphasis added.]

Therefore, in order to prove illegal possession of a stolen thing valued at $25,000 or more, the State must prove five essential elements beyond a reasonable doubt: (1) defendant intentionally possessed, procured, received, or concealed; (2) anything of value; (3) that was the subject of any robbery or theft; (4) where circumstances indicate the defendant knew or had good reason to believe that the thing was the subject of one of these offenses; and (5) the value of the stolen thing was $25,000 or more. La. R.S. 14:69; *State v. Warrick*, 15-617 (La. App. 5 Cir. 2/24/16), 186 So.3d 1263, 1268. The value of the vehicle is an element of the offense and must be proven because it determines the punishment. *State in Interest of B.J.*, 617 So.2d 238, 241 (La. App. 5 Cir. 1993).

The State does not deny that it failed to introduce evidence to prove that the value of the vehicle was $25,000 or more. The State argues that instead of acquitting defendant on count two, the Court should find defendant guilty of the lesser included misdemeanor offense of illegal possession of a stolen thing valued at less than $1,000. The State argues that pursuant to the broad definition of "anything of value" set forth in La. R.S. 14:2(A)(2), it is undisputed that the vehicle has some value.

When an appellate court reverses a conviction for insufficiency of evidence, La. C.Cr.P. art. 821(E) authorizes the court to enter a conviction for any lesser and included responsive offense if supported by the evidence. Article 821(E) provides:

> If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.

Further, the Louisiana Supreme Court has consistently held that when the evidence produced by the State is insufficient to support the conviction, but sufficient to support a lesser included offense, the proper remedy, pursuant to La. C.Cr.P. art. 821, is to enter a conviction for the lesser included offense rather than an acquittal. *See State v. Williams*, 610 So.2d 129 (La. 1992); *State v. Robertson*, 06-1537 (La. 1/16/08), 988 So.2d 166, 171; *see also State v. Byrd*, 385 So.2d 248, 251-52 (La. 1980).

In *Williams*, *supra*, the defendant was similarly charged with felony possession of a stolen property valued at $500 or more. The victim testified that she purchased the vehicle at issue for $25,000 ten years before it was stolen. She also testified the vehicle had maintenance problems and that she had intended to replace it at the time it was stolen. The jury convicted the defendant of possession of a stolen property valued at $500 or more, but the Fourth Circuit reversed the conviction and entered an acquittal because the State did not introduce any photographs of the vehicle into evidence and otherwise failed to provide trustworthy evidence of the value of the vehicle at the time it was stolen. *Id.* at 129.

The State filed a writ application with the Louisiana Supreme Court and argued that the appellate court erred by entering an acquittal instead of entering a conviction for a lesser and included offense supported by the evidence. The

Louisiana Supreme Court agreed with the State and reasoned as follows in concluding that the trier of fact could have determined that the vehicle had "some value:"

> La.Rev.Stat. 14:69 proscribes the intentional possessing, receiving, or concealing of 'anything of value....' The latter phrase 'must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable....' La.Rev.Stat. 14:2(2). While the state's case may have asked jurors to speculate on the range of values for the Cadillac, a rational trier-of-fact could have determined that the vehicle had *some* value, . . . .

> *Id.*

As a result, the *Williams* court held that a verdict of guilty of a misdemeanor illegal possession of stolen property valued less than $100 should be entered and remanded the matter for resentencing. *Id.*

Furthermore, in *State in Interest of B.J.*, *supra*, this Court similarly concluded that despite the lack of direct evidence regarding the value of the stolen vehicle, the appropriate remedy pursuant to La. C.Cr.P. art. 821 and *Williams*, *supra*, was to enter a conviction for a lesser included offense. The defendant in *State in Interest of B.J.* was charged with illegal possession of a stolen vehicle valued at $10,000, and convicted as charged. When the officer activated his lights and sirens, a chase ensued, and eventually the defendant and the other occupants fled from a stolen 1985 Cutlass. The owner of the Cutlass did not testify, and the State did not offer any other evidence regarding the value of the vehicle.

This Court determined that due to the lack of evidence, the State failed to prove the vehicle was valued at $10,000, or even more than $500. *Id*. at 242. However, this Court observed that the vehicle was drivable and found that the type, condition, and age of the vehicle allowed it to conclude beyond a reasonable doubt that the value of the vehicle was worth more than $100. *Id*. at 242-43. Therefore, this Court vacated the jury verdict and rendered a judgment of the lesser included

offense of guilty of illegal possession of stolen things valued at more than $100 and less than $500. *Id.* at 243.

The State further argues in its appellee brief that this Court recently reached an inconsistent result in *State v. Norman*, *supra*, and petitions this Court to abrogate the decision. The defendant in *Norman* was charged with illegal possession of stolen things valued between $5,000 and $24,999, and convicted by a jury of the lesser included misdemeanor offense of illegal possession of stolen things valued at less than $1,000. The stolen vehicle at issue was a 2002 Ford Escape. The owner, who was a mechanic, testified that he paid between $1,500 and $2,000 for the vehicle, but that he purchased it for less than its value because it needed some mechanical repairs. He estimated that the vehicle's actual value was more than $5,000. In entering an acquittal, the *Norman* court reasoned that the owner only testified "generally that the vehicle was worth over $5,000," and that the State had failed to meet its burden to prove the vehicle was valued at $1,000 or less at the time it was stolen. *Id.* at 298.

We agree with the State that the finding in *Norman* is contrary to the Louisiana Supreme Court's instructions in *Williams*, *supra.* Therefore, we overrule the decision in *Norman*, *supra*, to the extent that it held that the proper remedy is an acquittal when the State fails to introduce direct or specific evidence to prove the value of the vehicle at the time of the offense. The circumstantial evidence supported a finding that the stolen vehicle clearly had some value under the broad interpretation set forth in La. R.S. 14:2(A)(2).

Defendant further infers that this Court's only option is to enter an acquittal on the charge because the only responsive verdicts discussed in the jury instructions were guilty of possession of stolen property valued at $25,000 or more, attempted possession of stolen property valued at $25,000 or more, and not

guilty.[1] First, a review of the record does not reflect that defendant objected to the jury instructions or verdict form. In order to preserve the right to seek appellate review of an alleged trial court error, the party alleging the error must state an objection contemporaneously with the occurrence of the alleged error, as well as the grounds for that objection. La. C.Cr.P. art. 841; *State v. Gaal*, 01-376 (La. App. 5 Cir. 10/17/01), 800 So.2d 938, 949, *writ denied*, 02-2335 (La. 10/3/03), 855 So.2d 294.

Furthermore, in *State v. LeBlanc*, 506 So.2d 1197 (La. 1987), the defendant raised a similar argument where the trial court failed to include an instruction for a lesser included offense and the defendant failed to object. The Louisiana Supreme Court determined that the failure to instruct the jury of the lesser included offense did not preclude the appellate court from entering a verdict on a lesser included offense because by returning a guilty verdict on the greater offense, the jury "*necessarily found* the existence of every essential element of the lesser and included offense." *Id.* at 1201. The supreme court concluded,

> Moreover, the criteria for modifying a verdict under La. C.Cr.P. art. 821 is not whether the jury was instructed on the lesser and included offense (since the relief for the judge's failure to give such an instruction in the face of a contemporaneous objection is a new trial),

---

[1] The responsive verdicts for illegal possession of stolen things are not listed in the specially provided for responsive verdicts in La. C.Cr.P. art. 814. La. C.Cr.P. art. 815 provides the responsive verdicts for all offenses not listed in Article 814:

> In all cases not provided for in Article 814, the following verdicts are responsive:
>
> (1) Guilty;
>
> (2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
>
> (3) Not Guilty.

The responsive verdicts for La. R.S. 14:69, illegal possession of stolen things, at the time the offense occurred in the present matter are: Guilty of illegal possession of stolen things valued at $25,000 or more, Guilty of attempted illegal possession of stolen things valued at $25,000 or more; Guilty of illegal possession of stolen things valued at $5,000 dollars or more, but less than $25,000; Guilty of attempted illegal possession of stolen things valued at $5,000 dollars or more, but less than $25,000; Guilty of illegal possession of stolen things valued at $1,000 dollars or more, but less than $5,000; Guilty of attempted illegal possession of stolen things valued at $1,000 dollars or more, but less than $5,000; Guilty of illegal possession of stolen things valued at less than $1,000 dollars; Guilty of attempted illegal possession of stolen things valued at less than $1,000 dollars; and Not Guilty.

but rather whether the jury which returned a verdict of guilty of the greater offense necessarily found all of the essential elements of the lesser offense.

*Id.*; *see also State v. Temple*, 572 So.2d 662, 664 (La. App. 5 Cir. 1990).

We find that even though the jury instructions for count two did not include the responsive verdicts pursuant to La. C.Cr.P. art. 815, there was no error because when the jury found defendant guilty of the greater offense, it necessarily found sufficient evidence for every essential element of the lesser and included offense.

Accordingly, in the instant case, we find that the State failed to prove the value of the stolen Honda Civic was $25,000 or more, and therefore, we vacate defendant's conviction and sentence for count two. However, we find that the video depicting defendant operating the vehicle in excess of 80 miles per hour at the time of the offense is sufficient evidence to find that the vehicle had some value under the broadest possible construction in accordance with La. R.S. 14:2(A)(2). Therefore, we find that pursuant to La. C.Cr.P. art. 821, the evidence, viewed in a light most favorable to the State, supports a conviction for the lesser included misdemeanor offense of illegal possession of a stolen thing less than $1,000 in violation of La. R.S. 14:69(B)(4).

### *Illegal Sentence – Aggravated Flight from an Officer (Count One)*

In his second assignment of error, defendant argues that the ten-year sentence imposed by the trial court for his aggravated flight from an officer conviction is illegal because the maximum sentence allowed is five years. La. R.S. 14:108.1(E) provides the following sentencing ranges for a charge of aggravated flight from an officer:

E.(1) Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than five years and may be fined not more than two thousand dollars.

(2)(a) Whoever commits the crime of aggravated flight from an officer that results in serious bodily injury shall be imprisoned at hard

labor for not more than ten years and may be fined not more than two thousand dollars.

As conceded by the State, it did not charge defendant with causing serious bodily injury on this count and the State did not introduce any evidence of serious bodily injury. As such, defendant received an illegal sentence above the maximum of five years imprisonment allowed under La. R.S. 14:108.1(E)(1). La. C.Cr.P. art. 882 authorizes this Court to correct an illegal sentence at any time. However, an appellate court is only authorized to impose a new sentence when the exercise of sentencing discretion is not involved. *State v. Brown*, 22-562 (La. App. 5 Cir. 6/21/23), 368 So.3d 218, 222. Because La. R.S. 14:108.1(E)(1) involves sentencing discretion, we vacate defendant's sentence for his conviction for aggravated flight from an officer and remand for resentencing.

## ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

The sentencing transcript reflects that the trial court failed to advise defendant of the provisions of La. C.Cr.P. art. 930.8, which states in pertinent part, "[n]o application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." If a trial court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *State v. Mouton*, 22-444 (La. App. 5 Cir. 12/29/22), 358 So.3d 106, 122-23. Therefore, we hereby advise defendant that no application for post-conviction relief, including applications that seek an out-of-

time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

## DECREE

For reasons explained above, we vacate defendant's conviction and sentence as to count two, illegal possession of a stolen thing valued at $25,000 or more, modify the verdict by rendering a judgment of conviction for illegal possession of a stolen thing valued at less than $1,000, and remand to the trial court for sentencing. We also vacate defendant's sentence imposed for his conviction for aggravated flight from an officer (count one) because his sentence exceeded the maximum sentence authorized by law and remand for resentencing in accordance with La. R.S. 14:108.1(E)(1).

**SENTENCE ON COUNT ONE VACATED; CONVICTION AND SENTENCE ON COUNT TWO VACATED; JUDGMENT OF CONVICTION OF ILLEGAL POSSESSION OF A STOLEN THING VALUED AT LESS THAN $1,000 ENTERED AS TO COUNT TWO; REMANDED FOR RESENTENCING ON COUNT ONE AND SENTENCING ON COUNT TWO**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 28, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-273

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)      THOMAS J. BUTLER (APPELLEE)          KATHRINE E. ELLIS (APPELLANT)
TIMOTHY T. YAZBECK (APPELLANT)

### MAILED
JAMES A. WILLIAMS (APPELLANT)        HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                      (APPELLEE)
706 DERBIGNY STREET                  DISTRICT ATTORNEY
GRETNA, LA 70053                     GABRIELLE HOSLI (APPELLEE)
                                     TAYLOR SOMERVILLE (APPELLEE)
                                     ASSISTANT DISTRICT ATTORNEYS
                                     TWENTY-FOURTH JUDICIAL DISTRICT
                                     200 DERBIGNY STREET
                                     GRETNA, LA 70053